# Mayer Brothers Construction Co. *v.* American Sterilizer Company, Appellant.

*Contracts—Building contracts—Waiver of provisions—Course of action by parties—Delay—Remedy provided by contract.*

1. Where in an action on a building contract, which provided that all payments were to be made upon the certificate of the engineers, and the evidence was undisputed that there were nine out of ten payments made, and no written certificate of the engineers, to the effect that any of these nine payments were due, was asked for or required, a request to charge that if the jury found the facts as above stated then they would be warranted in finding that defendant had waived the requirement of the contract as to payment, was properly affirmed.

2. Where in such case the evidence showed that after the engineers designated in the contract had severed their connection with the building, the plaintiff and defendant entered into a modification of the contract, as a result of which the defendant was to furnish a certain ingredient to be mixed with gravel to be used as a hardener, and where the plaintiff claimed that the defective condition of the floors in the building resulted from the use of this hardener and that the floors were laid under the supervision of another agent of the defendant, the court properly submitted to the jury the questions as to whether the defective condition of the floors was the result of the substance furnished by the defendant, and whether the floors had been properly laid.

3. Where a building contract provided that if the contractor fail to prosecute the work with promptness, such refusal, neglect or failure, being certified by the engineers the owner shall be at liberty, after five days' written notice, to provide such labor and ma-

terials and to take the cost from the money due thereafter, and proceed with the work at once, the owner can not recover damages for delay where he failed to proceed as specified in the contract as above.

Argued April 23, 1917. Appeal, No. 164, Jan. T., 1916, by defendant, from judgment of C. P. Erie Co., Sept. T., 1914, No. 105, for plaintiff in case of Mayer Brothers Construction Company v. American Sterilizer Company. Before MESTREZAT, POTTER MOSCHZISKER, FRAZER and WALLING, JJ. Affirmed.

Assumpsit on a building contract.

ROSSITER, J., filed the following opinion sur defendant's motion for a new trial:

The plaintiff brought this action against the defendant to recover the sum of five thousand dollars and seventy-one cents ($5,000.71) with interest from April 17, 1914, for work and labor done, and materials furnished, under a building contract, and for extras.

The case was tried before a jury and a verdict was rendered in favor of the plaintiff for the sum of five thousand three hundred and sixty-six dollars and three cents ($5,366.03).

Whereupon the defendant made a motion for a new trial, assigning ten reasons therefor.

The first reason assigned is that the court erred in affirming the plaintiff's points.

These points were in substance as follows:

First: That if the jury found that the defendant paid nine estimates without requiring a certificate from the engineers, as required by the contract, then they would be warranted in finding that the defendant had waived that requirement of the contract.

Second: That if the jury found that the parties entered into a new or modified agreement, in reference to the laying of the floors and that the material furnished by the defendant and the floors laid under its direction,

the plaintiff would not be responsible for their defective condition.

Article seven of the contract provided "that the plaintiff, or contractor, should be paid in current funds......  in weekly estimates........approved by the engineers ......the final payment to be made within thirty days after the contract was fulfilled. All payments were to be made upon the written certificate of the engineers to the effect that such payments became due."

We affirmed the first point because we understood that the law was and is that any one may waive anything which has been established in his favor or for his benefit; that the usual manner of waiving a right is by conduct or acts which indicate an intention to relinquish the right; that waiver is a matter of fact to be shown by the evidence, and may be shown by express declarations or by acts manifesting an intent and purpose not to claim the privilege or advantage; or that a waiver may be implied from acts and conduct; or by such failure and neglect to act, as to induce a belief that there is an intention or purpose to waive; or that it may be shown by circumstances or by a course of action and conduct which amounts to an estoppel: 40 Cyc. 252, et seq.

The evidence was undisputed that there were nine payments made and that no written certificate of the engineers to the effect that any of these nine payments were due was asked for or required, and we were then of the opinion, and are now, that where nine payments out of a possible ten, were promptly made, without complaint, and without insisting upon compliance with the provisions of the contract, relative to the furnishing of the certificate, that that would be some evidence of an intention on the part of the defendant to waive that provision in its favor as to the tenth, and if the jury found that the defendant intended to do what it did do, viz: waive nine certificates, they would be warranted in concluding that it had wholly waived its rights in this respect, and hence the affirmance of the first point.

As to the second point, the evidence was that, after the engineers had severed their connection with the building operations, the plaintiff and defendant entered into a modification of the contract as originally made, or made a new or supplemental contract. By the new arrangement, the plaintiff was to furnish a kind of gravel, or granite grit, different from that specified in the contract, and the defendant was to furnish a certain ingredient to mix with that gravel to be used as a hardener. The plaintiff claimed that the defective condition of the floors resulted from the use of the hardener and the manner in which the floors were laid; that the floors were laid under the supervision of another agent of the defendant, Mr. Darrow, and the plaintiff was required to lay them as he directed. The defendant contended that the plaintiff did not use the kind of substance exhibited as "M," as agreed, but did use a different substance, exhibited as "N," and that it was by reason of the use of the latter substance that the defective condition of the floors resulted. This was the issue on this subject, and we affirmed plaintiff's second point, because we believed that if the jury found that the defective condition of the floors resulted from the substance furnished by the defendant and from the direction by the defendant of the manner of their laying, then the plaintiff would be in no way responsible, for the defective condition of the floors was the result of what the defendant furnished and directed done, and not on account of what the plaintiff furnished and did, that then the plaintiff could not and ought not to be held responsible therefor. This was purely a question of fact for the jury, and the point was properly answered and put and fully warranted under the evidence.

The second reason for a new trial is that the court erred in refusing to affirm the defendant's points. The defendant's first point was the antithesis of the plaintiff's first point, and therefore could not be affirmed

under our views as above expressed, and the same reason applies to defendant's second point.

The defendant's third point we believe was properly answered, and we refused the fourth point, which was to the effect that the court was without jurisdiction, because of a clause in the contract providing that disputes be submitted to arbitrators, as set forth in Article III. It is sufficient to say upon this subject that the parties submitted their cause to this forum by a general appearance and trial of the case, without demurring, or taking any other steps to question or oust the jurisdiction.

The defendant's fifth point was for binding instructions, which, of course, could not under the evidence be affirmed.

The third reason given for a new trial is that the court erred in holding that the defendant could not recover damages on account of the plaintiff's failure to complete the contract within a reasonable time.

There was no time set in the contract when the building was required to be completed. The contract did, however, set forth in Article V that if the contractor failed to prosecute the work with promptness and diligence, such refusal, neglect, or failure, being certified by the engineers, the owner should be at liberty, after five days written notice, to provide such labor and materials, and to deduct the cost from the money due thereafter, and proceed with the work at once. This being the remedy provided in the contract for expediting the work, we are of the opinion that this remedy would first have to be exhausted, and there being no evidence in the case that defendant availed itself or attempted to avail itself of this provision of the contract, we are of the opinion that it could not recover damages for delay.

The fourth reason for a new trial was as to the covering of the steel work and the reinforcing rods. The contract provided in Article I that the plaintiff, under the direction of, and to the satisfaction of the owner, as expressed by Irvin and Witherow, engineers, acting for the

purpose of the contract as the agents of the owner, was to perform the contract. The undisputed evidence was that the whole of the work done by the plaintiff, except the laying of the floors, was done under the direction of, and to the satisfaction of the owner, as expressed by Irvin and Witherow, the engineers, and it being expressly provided in the contract that they were the agents of the defendant, we held that the defendant could not recover damages from the plaintiff for doing the work as it had directed the plaintiff to do it.

The fifth reason for a new trial was our holding the plaintiff could recover without a final certificate, and our reasons for so holding are in part given above.

It was, however, strenuously urged that final payment was of a different character than the other payments which were made as the work progressed, for the reason that the final payment would be in the nature of an accord and satisfaction, or final settlement, between the parties for all work done and material furnished, and that, even though the jury found from the evidence that the defendant did waive the requirements relative to the certificate as to all other payments, that would be no evidence that it intended to waive its right to a certificate as to the final payment, and that, therefore, the absence of final certificate barred the action. To this we cannot accede as a legal proposition. But even if this final certificate was required and the defendant could have relied upon the fact it was not given, still it is conceded that had this certificate been withheld by fraud or for any other wrongful reason, then suit might have been brought to recover without it. Now the undisputed evidence on this subject is that long prior to the bringing of the suit, the engineers, named in the contract, had withdrawn from the job; that there had never been any other engineers appointed in their place, and of this fact both parties were cognizant, so it is clear that there was no engineer to whom the plaintiff could go to obtain such certificate, and, as the law does not require a party

to do useless or attempt impossible and unnecessary things, we could see no reason why the plaintiff should be required in this case to make an attempt to procure a certificate from engineers who did not exist, that the plaintiff knew did not exist, and that the defendant knew did not exist prior to the bringing of the action.

The sixth reason for a new trial was practically the same as the fifth, and the same reasoning as applied to the affirmance of the plaintiff's second point applies to the seventh reason for a new trial.

We did hold, and in that holding we think we were right, that defendant could not recover damages for any work that was done under the direction and to the satisfaction of Irvin and Witherow, which holding is assigned as the eighth reason for a new trial, but there was no offer to prove that defects developed subsequently.

As to the ninth reason for a new trial, to the effect that the court erred in holding evidence inadmissible to show that the work was not done according to the plans and specifications, we held that the engineers in charge, being the agents of the owner, had a right to change these plans and specifications, if agreeable to the plaintiff, and that if these plans and specifications were changed and the work done under the direction of the agent of the owner, the plaintiff could not be held responsible for defects which might result. In other words, the only question was, did the plaintiff perform the work as Irvin & Witherow directed; if it did, that ended it; if it did not, then the defendant could prove noncompliance with the specifications, but as Mr. Irvin testified,

"Q.—State whether or not the work which was done on this contract, on this job, up to the time that you severed your connection with it, was done in substantial compliance with the terms of the contract?

"A.—It was done in substantial compliance with the contract," we think our holding was warranted.

In relation to the tenth assignment of error, we are of the opinion that under the undisputed evidence the whole of the work, with the exception of the laying of the floors,

was done under the supervision and direction of the agents of defendant, Irvin and Witherow, and that, even though the contract did set forth that if defects developed within a year or within any other time after the completion of the contract, if the work was performed as the owner's agents directed, and not according to the plans and specifications, that that relieved the plaintiff of its responsibility relative to the development of future defects. That is, when a contract specifies that work is to be done in a certain way and the owner reserves the right for his designated agent to stand by and direct it to be done in another way: If his designated agent does stand by and see it done, or changes it, and it afterwards appears that the construction was wrongly or defectively done, he cannot be held to say that he has been damaged. It is his duty to insist that it be properly performed at the time.

But in this case there was no offer to prove that any defects developed after the completion of the job. The offers were all to prove faulty construction, and construction not according to the plans and specifications, which, if true, would be the act, or at least the result of the act, of the defendant's agents, and hence defendant could not claim that it had been damaged thereby. It will be observed in this connection that we did permit the defendant to prove its damage on account of the board marks not being removed, and we did this because there was no evidence to show when the frames were removed, which caused the marks, and therefore they might have been removed after Irvin and Witherow severed their connection with the work, but this branch of the case was clearly for the jury, and they having decided it, we cannot now interfere.

The provisions of Article I of the contract, appointing Irvin and Witherow as agents of the defendant, and the provisions under the head of guaranty in the plans and specifications, were the provisions around which revolved the difficulties which resulted in this law suit.

The theory of the plaintiff was that the parties to the

contract had the right to change or alter the contract if they saw fit; that Irvin and Witherow were the parties to the contract, so far as the defendant was concerned; that independent of the contract, in spite of it, and contrary to its provisions, the parties had the right, if they saw fit, to modify, change or wholly annul it, it being their contract, and having done so, they are bound by what they did, and not by what the contract provided.

The theory of the defendant was that the plaintiff was bound to perform the contract under the direction and to the satisfaction of its agents, also according to the plans and specifications, and guarantee the work for one year after completion.

The court believes that where the work was done and the material furnished under the direction and to the satisfaction of the defendant's agents, they were concluded by their acts, and the contract and plans and specifications do not control; and therefore no guaranty attached, and the evidence was undisputed that all of the work, except the laying of the floors, was done under the supervision, direction and to the satisfaction of Irvin & Witherow.

Verdict and judgment for plaintiff for $5,366.03.   Defendant appealed.

*Errors assigned* were, inter alia, answers to points and instructions to the jury.

*T. A. Lamb,* with him *John B. Brooks,* for appellant.

*P. V. Gifford* and *Gunnison, Fish, Gifford & Chapin,* for appellee.

PER CURIAM, May 14, 1917:

In the opinion discharging the rule for a new trial, the learned court below has discussed all the questions raised on this appeal, and we concur in his conclusions.

The judgment is affirmed.