## Bailey v. Williams

*Bernard J. Hessley*, for plaintiff.
*Gregory B. Fraser*, for defendants.

WOLFE, *P.J.*, June 8, 1987—Plaintiff brings this action to accelerate the terms of the mortgage between plaintiff and defendants. Defendants are indebted on the mortgage to plaintiff, dated November 13, 1985, in the amount of $65,375. Plaintiff alleges defendants are in default on the mortgage because they have failed and refused to pay the initial payment due November 15, 1985, and the real estate taxes levied and assessed for the year of 1985, an arrearage in the amount of $1,730.08 as of June 10, 1986.

The indenture has the usual acceleration provision in the event of default in the payment of the principal debt or any installment thereof or interest or of any taxes, the whole of the debt and interest shall, at the option of the mortgagee, become due and payable forthwith.

The monthly payment on the mortgage is $900.54 each and every month beginning Novem-

ber 15, 1985. The entire mortgage debt was due 10 years from the date thereof.

Plaintiff testified he never received a full monthly payment since the inception of the mortgage. He did receive half payments of $450.27 monthly. He stated if every payment had been made on time 16 payments would have been made. Plaintiff accepted 31 half payments, receiving the last payment on March 3, 1987.

Although the taxes were in default of payment they were not returned as delinquent and were paid on February 19, 1987. Notwithstanding, under the terms of the mortgage, plaintiff asserts that they were not paid when assessed and due and therefore defendants are in default on the mortgage terms.

Plaintiff acknowledges defendants have never defaulted over the 60-day grace period provided for the mortgage payments.

Plaintiff testified it never bothered him in receiving half payments, but he is now trying to resolve something because the relationship has been very unsatisfactory from the beginning. He acknowledged he has always accepted the half payments and he never complained or gave notice to defendants that he was demanding full monthly payments.

With this as the extent of plaintiff's testimony in his case in chief, we granted the nonsuit.

The post-trial motions allege the court erred in that we found plaintiff had not served notice of his intention to exercise his default option to demand full payment and our finding defendants were entitled to know of the intent of plaintiff to receive full payment and our conclusion plaintiff was estopped to raise the default and, finally, we erred in finding there was no default due to the delinquency in paying the taxes when assessed and due.

Plaintiff argues because the indenture was a commercial mortgage under these factual circumstances no notice need be given defendants of their default and exercise of the option to foreclose. Reliance is made on *Bell Federal Savings and Loan v. Laura Lanes,* 291 Pa. Super. 395, 435 A.2d 1285 (1981). Our reading of this case does not support the legal conclusion plaintiff advances. There, a confessed judgment was taken on the mortgage and a petition filed to open it. Mortgagors-appellants argued that mortgagee-appellee refused to accept monthly installments after accelerating the indebtedness. The court found this was not a valid defense. The mortgagor had gone into default, indeed had gone into a prolonged receivership. The court dismissed the argument there was a duty on behalf of the mortgagee to accept partial payments after accelerating the indebtedness. This case does not address any issue of notice after the mortgagee accepts partial payments prior to accelerating the mortgage that the mortgagee is thereafter demanding full payments:

"In a commercial mortgage, an acceleration clause is generally honored; and, once there has been a default and an acceleration, the mortgagee need not accept any less than the full accelerated amount. Indeed, the mortgagee who accepts lesser amounts risks having its right to insist on the accelerated amount deemed waived." *Ministers' and Missionaries' Board v. Goldsworthy,* 253 Pa. Super. 321, 385 A.2d 338 (1978).

This case does not support plaintiff's position, indeed, it supports defendants' position in that because plaintiff accepted lesser monthly payments he risks the right to insist on the accelerated amount under the doctrine of waiver. Clearly, the case does not address any issue of notice of intent to

accelerate the indebtedness if full payments are not received.

This brings us to the doctrine of estoppel. The courts have made it clear that one is estopped to claim rights under a contract where one party to the contract leads the other party to the belief the former waives strict compliance with its terms. In such case reasonable notice must be given to the other party of future full compliance. *Mayer Brothers Construction Co. v. American Sterilizer Co.*, 258 Pa. 217, 101 Atl. 1002 (1917).

Instantly, plaintiff, without complaint, accepted 31 monthly half payments and not until he became uneasy and dissatisfied did he file suit to foreclose without giving any notice to defendants that he would foreclose if the mortgage terms were not honored.

We have the same problem with plaintiff's position on the nonpayment of the taxes. Plaintiff was not notified the taxes were delinquent. He testified he went to the tax collector and found the 1985 taxes were not paid; however, they were subsequently paid on February 19, 1987. At no time was the premises securing the mortgage in jeopardy of tax sale.

Plaintiff relies on *Scranton Building Assn. v. Murphy*, 154 Pa. Super. 557, 36 A.2d 831 (1944) to support the claim acceleration of the indebtedness is proper when there is an admitted default in payment of assessed taxes. In *Scranton Building Assn.*, supra, the taxes were delinquent for the years 1940, 1941 and 1942 and remained unpaid as of July 1, 1943, when the mortgagee, which the court observed, "probably to save liens for taxes being filed and the cost incident thereto, paid them." The court did not make the definitive holding plaintiff in the instant case argues. There, the court held the mort-

gagee had no duty to wait for six months after it paid the taxes before it could sue out a writ of scire facias to recover the principle money secured by the mortgage as the mortgage did not so provide. The court simply found the six-month period must elapse before a default can authorize a suing out of the writ, as the six-month period addressed only the default in the payment of monthly amounts due or installments and the payment of monthly interest. The court did state the duty to pay taxes when due is absolute and a mortgagee need not wait until the taxes become a lien on the premises, or to pay the taxes in order to foreclose.

Instantly, plaintiff's conduct in accepting half payments for 31 months led defendants to believe that there would be no strict compliance with the mortgage terms. We reject plaintiff's attempt to now single out one condition of the mortgage, to-wit, default of payment of taxes, to justify the foreclosure. Plaintiff either takes the mortgage in its entirety and demands strict compliance or, if plaintiff elected to waive strict compliance, he cannot reserve a single aspect of it to justify foreclosure.

For these reasons we enter the following

## ORDER

And now, this June 8, 1987, plaintiff's motion for post-trial relief is denied.