## Beneficial Consumer Discount Company v. Hoffman

C.P. of Fulton County, no. 41 of 2005-C.

*Andrew L. Markowitz,* for plaintiff.
*Joseph A. Macaluso,* for defendant.

VAN HORN, *J.,* March 29, 2006—

## FACTS OF CASE

(1) Susan B. Rupert (defendant), f/k/a Susan B. Hoffman, is the owner of a residence located at 29310 Great Cove Road, Fort Littleton, PA 17223. This property is the subject of this foreclosure action.

(2) Defendant entered into a loan agreement with Beneficial Consumer Discount Company (plaintiff) on or about May 26, 1998. The loan agreement was further secured by a mortgage on the residential property.

(3) The agreement between the parties called for the defendant to pay monthly payments of $521.11 to the

plaintiff. The payments were set to commence on June 26, 1998 and continue thereafter until May 2003.

(4) On May 26, 2003, a "balloon payment" of $36,121.90 was due as the final payment.

(5) On April 4, 2003, the defendant made her April payment directly to the plaintiff in the plaintiff's Chambersburg office. During this visit, she allegedly inquired about the balloon payment and possible refinancing. As per the defendant's pleadings, Karen Parker, an employee and representative of the plaintiff, advised the defendant that there was in fact no balloon payment due in May and further directed the defendant to continue to only pay the monthly payments of $521.11.

(6) In May 2003, the defendant made a typical monthly payment to the plaintiff's office and again purportedly inquired about the balloon payment being due. Ms. Parker again allegedly insisted that no balloon payment was due at any time.

(7) Furthermore, the defendant asserts that she continued to inquire, for a third time, about the balloon payment and was again told that only monthly payments were due on her account.

(8) Through the next several months until February 2004, the defendant timely made her monthly payments. By mutual agreement, the payments for March, April and May 2004 were deferred. In June 2004, the defendant again commenced paying her monthly payments to the plaintiff.

(9) Due to financial difficulties, the defendant admits that she defaulted on the mortgage in October, November and December 2004. As a result, the plaintiff sent a foreclosure notice to the defendant in December

2004. The notice stated that the defendant needed to pay, in 30 days, an amount of $1,563.33 to reinstate the mortgage.

(10) By January 3, 2005, the defendant had forwarded $1,571.11 to the plaintiff and believed that she had reinstated the mortgage.

(11) Despite the balance being paid, the plaintiff returned the payments to the defendant. Also, the defendant received a second foreclosure notice stating that $41,530.53 was due to reinstate the mortgage. This larger amount was due to the incorporation of the balloon payment.

(12) The defendant did not pay the stated amount in the second notice; therefore, on February 22, 2005, the plaintiff filed the foreclosure complaint. The defendant filed an answer, new matter and counterclaim on March 28, 2005.

## DISCUSSION

### *Background*

This matter comes before the court as a result of the plaintiff's motion for summary judgment that was filed in the case on July 12, 2005. The court held very limited oral arguments in December of 2005 because of the parties' firm assertion to the court that the matter was moving towards absolute settlement. After argument, the parties were instructed to keep the court abreast on the progress of the settlement discussions. It was not until February of 2006 that the court was made aware of the breakdown in negotiations and the need for a ruling on the outstanding motion.

After duly reviewing the record and reading the briefs of the parties, the court is now ready to render a decision on the plaintiff's motion for summary judgment.

### Summary Judgment Generally

As per Pennsylvania Rule of Civil Procedure 1035.2, "any party may move for summary judgment in whole or in part as a matter of law whenever there is no genuine issue of any material fact as to a necessary element of the cause of action or defense which could be established by additional discovery or expert report." The record is to be viewed in the light most favorable to the non-moving party, and all doubts as to the existence of material fact must be resolved against the moving party. *Albright v. Abington Memorial Hospital,* 548 Pa. 268, 696 A.2d 1159 (1997). The moving party has the burden of proving that there is no genuine issue of material fact. *Thompson Coal Company v. Pike Coal Company,* 488 Pa. 198, 412 A.2d 466 (1979). In response, the non-moving party may not rest upon pleadings alone, but must set forth specific facts which demonstrate a genuine issue for trial. *Phaff v. Gerner,* 451 Pa. 146, 303 A.2d 826 (1973). The purpose of summary judgment is to preserve judicial time and promote faster dispositions of matters by avoiding unnecessary trials.

### Should the Court Grant Plaintiff's Motion for Summary Judgment in Regards to the Original Foreclosure Action?

In the plaintiff's brief in support for the motion for summary judgment, the plaintiff contends that the defendant has admitted in the various pleadings that (1)

she is the owner of subject property; (2) she executed the mortgage encumbering the property; (3) the mortgage is in default; (4) she has not paid the mortgage; and (5) she was sent all statutorily required notices. With these admissions, the plaintiff therefore believes that contractual liability of the defendant can be clearly determined as a matter of law. See *Paul Revere Protective Life Insurance Co. v. Weis,* 535 F. Supp. 379 (E.D. Pa. 1981); *Kane Gas Light & Hearing Co. v. Pennzoil Co.,* 587 F. Supp. 910 (W.D. Pa. 1984). Since the defendant has not provided any evidence or argument to the contrary, the plaintiff asserts that the summary judgment motion should be granted.

The defendant promptly responded to the argument set forth in the plaintiff's motion for summary judgment. In pleadings and an opposition brief, the defendant raises, though awkwardly and confusingly, the defense of waiver as part of the foreclosure action. The defendant defends the foreclosure action by asserting that representatives of the plaintiff informed her that a balloon payment was not due, and then the plaintiff continued to accept monthly payments, in the alternative, for a substantial period of time. Therefore, the defendant would contend that the plaintiff's course of conduct clearly indicated an intention to waive the contractual right to a balloon payment. It was only in January of 2005 that the plaintiff required the balloon payment. In the end, the defendant asserts this genuine issue of material fact and argues that summary judgment would be inappropriate.

First, for its analysis, this court again notes that summary judgment would *only* be appropriately granted if the case involved *no* issues of material fact and the case could then be decided as a matter of law. The plaintiff is

correct in stating: "the entry of summary judgment is proper if the mortgagors admit that the mortgage is in default, that they have failed to pay interest on the obligation and that the recorded mortgage is in the specified amount." *Cunningham v. McWilliams,* 714 A.2d 1054, 1057 (Pa. Super. 1998). However, the court is not convinced that this case is as clear as the plaintiff portrays it to the court. The defense of waiver, as per Pa.R.C.P. 1030 and 1032, shall be pleaded in a responsive pleading under the heading "new matter" or the party waives the defense. In the defendant's answer dated May 28, 2005, the defendant properly raised the issue of waiver in regards to the plaintiff freely accepting monthly payments as normal for a period of a year after the balloon payment was due. A waiver defense is a proper one in a foreclosure action. "[C]ourts have made it clear that one is estopped to claim rights under a contract where one party to the contract leads the other party to the belief the former waives strict compliance with its terms." *Bailey v. Williams,* 45 D.&C.3d 349, 352 (1987). In such a case, reasonable notice of the need for future compliance must be given to the other party. *Id.* The issue of waiver is a matter of fact to be shown by the evidence; this question of fact is to be determined by a jury and not by the court. *Mayer Brothers Construction Co. v. American Sterilizer Co.,* 258 Pa. 217, 101 A. 1002 (1917).

Currently, this court will not be making a decision as to whether the plaintiff, or its representatives, actually waived the balloon payment or any other contract provision by their conduct or whether reasonable notice was given to the defendant about the intent of requiring full compliance in the future; the court is simply stating that these are factual concerns to be determined by the fact-

finder. Therefore, summary judgment would be premature and inappropriate at this time.

Since the defendant has raised genuine issues of fact concerning a valid defense, the matter cannot be disposed by way of summary judgment. The plaintiff's motion for summary judgment is hereby denied.

### Should the Court Grant Plaintiff's Motion for Summary Judgment in Regards to the Defendant's Counterclaims?

For the plaintiff's next argument, the plaintiff asserts that the counterclaims raised by the defendant must be dismissed by way of summary judgment due to the mandate of Pa.R.C.P. 1148. The rule permits the pleading of a counterclaim in a mortgage foreclosure; however, the rule only authorizes those counterclaims that arise from the same transaction from which the plaintiff's cause of action arose. The law regarding this rule is clear in that the rule must be interpreted narrowly. Therefore, if the counterclaim is not part of or does not deal with the creation of the mortgage itself, Rule 1148 bars the claim. By way of a limited response, the plaintiff squarely asserts that the counterclaims all arise from the mortgage transaction.

For this determination, it is important to recognize that the decision to separate a counterclaim from the original suit is discretionary. Pa.R.C.P. 213(b). In this case, the defendant brings forth four counterclaims against the plaintiff: (1) breach of contract; (2) fraudulent representation; (3) negligent representation; and (4) violation of Pennsylvania Unfair Trade Practices and Consumer Protection Law. This court agrees with the plaintiff that the case precedent involving counterclaims in mortgage fore-

closure actions is clear. "Only those counterclaims that are part of or incident to the *creation* of the mortgage relationship itself are permitted to be raised in a foreclosure action." See generally, *Cunningham v. McWilliams,* 714 A.2d 1054 (Pa. Super. 1998) and *Chrysler First Business Credit Corp. v. Gourniak,* 411 Pa. Super. 259, 601 A.2d 338 (1992). The defendant has failed to provide a convincing analysis to prevent the applicability of Rule 1148 to these facts. The four claims asserted by the defendant arose or occurred a significant period *after* the creation of the mortgage and are unrelated to the actual creation of the security interest.

Therefore, by way of Pa.R.C.P. 1148, the counterclaims are barred and cannot be asserted in this action. The plaintiff's motion for summary judgment regarding the counterclaims is hereby granted, and the claims shall be dismissed as a matter of law.

## CONCLUSION

The plaintiff's motion for summary judgment in regards to the original foreclosure action is denied for all the reasons stated herein. The foreclosure action shall proceed forward with this court. However, the plaintiff's motion for summary judgment in regards to the defendant's counterclaims is granted; therefore, these claims shall be disposed of in their entirety.

## ORDER

And now, March 29, 2006, after consideration of plaintiff's motion for summary judgment, briefs submitted by counsel, and oral arguments presented to the court on this matter, it is hereby ordered—

(1) Plaintiff's motion for summary judgment in regards to the original foreclosure action is hereby denied.

(2) The plaintiff's motion for summary judgment in regards to the counterclaims asserted by the defendant is hereby granted. Defendant's counterclaims are hereby dismissed.

Pursuant to the requirements of Pa.R.C.P. 236, the prothonotary shall give written notice of the entry of this opinion and order of court, including a copy of this opinion and order of court, to each party's attorney of record and shall note in the docket the giving of such notice and the time and manner thereof.