## Spitzer v. Smith

*Bialkowski, Bialkowski & Bialkowski,* for plaintiff.

*James E. O'Brien* and *S. Augustus Davis,* for defendants.

ROBINSON, J., February 25, 1956.—This is an action of trespass in which plaintiff filed preliminary objections to the defendants' answer in the nature of a motion to strike off the new matter pleaded in the answer. We are of the opinion that the preliminary objections must be sustained and the new matter stricken from the record.

The action is based on negligence and the complaint alleges that the parties are the owners and occupants of adjoining lands, that defendants negligently maintained a large tree on their premises so that it became

unsafe and fell on plaintiff's dwelling house causing damage thereto for which recovery is sought in the suit. Defendants answered denying plaintiff's allegations of negligence and damages alleged to have resulted therefrom and demanded proof thereof.

Defendants then pleaded under the heading of new matter that "the plaintiff is not the real party in interest and has no right to prosecute the action". Defendants aver that plaintiff gave up her claim to the Assurance Company of America and incorporated a letter received by defendants notifying them that plaintiff carried insurance with the said company for loss and damage to plaintiff's building and that upon payment thereof the insurance company claimed subrogation to plaintiff's rights and that plaintiff could give no release therefor.

Defendants contend that Pa. R. C. P. 2002(a) requiring all actions to be prosecuted in the name of the real party in interest is applicable and that plaintiff cannot maintain the action. Plaintiff's position is that an amendment of the rule adopted October 29, 1941, specifically excepts, in clause (d), a subrogee from its operation and that the action is therefore maintainable in the name of plaintiff in her own interest, or in the interest of the subrogee.

Defendants argue that the court must find as facts that there was: (1) An insurance policy between plaintiff and the alleged subrogee; (2) that the policy covered the loss; (3) that the claim was paid by the subrogee, and (4) that plaintiff has not assigned her claim. It is readily apparent that this argument is replete with fallacies and that defendants' contentions carry their own refutation.

We call attention to the untenableness of defendants' position in the following comments:

(a) It seems hardly necessary to state that no facts can be or need be found to decide the questions before

us. When preliminary objections are filed to a pleading, all of the facts alleged are taken to be true for the purposes of the objections. So taken, the facts alleged under new matter establish at least that plaintiff's loss was covered by insurance and on payment of the same her insurance carrier would succeed upon equitable principles of subrogation to her rights.

(b) The action was properly brought and is maintainable in the name of plaintiff whether equitable subrogation arose or not. The right to pursue the claim in plaintiff's name is not dependent upon the presence or absence of subrogation. If subrogation did not arise, then plaintiff may maintain the action in her own name in her own interests. If, on the other hand, plaintiff was compensated for the loss by her insurance carrier under a covering policy of insurance, subrogation arises and the action may be maintained under rule 2002 (*d*) in plaintiff's name for the interest of the subrogee. In either event the action may be pursued in plaintiff's name.

There is no allegation in the pleadings that plaintiff assigned her claim, or any part thereof, to a real party in interest, and if she had, such assignment would be ineffectual, as a claim for unliquidated damages in tort is not capable of assignment. See Tugboat Indian Co. v. A/S Ivarans Rederi, 334 Pa. 15; Seaboard Commercial Corp. v. Bardell, 49 D. & C. 300.

(d) It is to be noted that the material pleaded under new matter does not set up a substantive defense to plaintiff's allegations of negligence. It merely avers a violation of Pa. R. C. P. 2002 and in our judgment is not a proper subject to be pleaded under new matter since it is not an affirmative substantive defense or one of the defenses listed in Pa. R. C. P. 1030, the governing rule in the Pennsylvania Procedural Rules system. The matter raised by defendants under new matter is collateral to the issue of negligence.

The amendment of October 29, 1941, Pa. R. C. P. 2002 (d), came about because of problems of prejudice in suits for reimbursement by subrogated insurance companies. The subrogee may now bring the action in his own name, or in the name of the subrogor alone, or in the name of the subrogor to the use of the subrogee. The option cannot be challenged by defendant and the subrogee cannot be brought upon the record if he elects to proceed with the shield afforded by clause (d). See 4 Anderson Pa. Civ. Pract. 16; Goodrich-Amram Civ. Pract. §2002 (d) -1. It is therefore clear that the subrogee insurance company on principles of subrogation can maintain the action in the name of its insured if it so elects. Clause (d) is an exception to the rule that the action must be brought in the name of the person who can discharge the claim upon which the suit is brought and who can control prosecution of the suit. No hardship or disadvantage is placed upon a defendant because of the exception since real party interest does not mean the person who is ultimately entitled to the benefit of any recovery: Goodrich-Amram Civ. Pract. §2002 (a) -3.

Whether a litigant is a real party in interest in a proceeding we think is more properly raised by a preliminary objection under Pa. R. C. P. 1017 (b) in the nature of "a motion to strike off a pleading because of lack of conformity to law or rule of court . . .". While the existence or nonexistence of subrogation, upon which the exception in clause (d) of rule 2002 depends, may always be questioned, it is more in accord with the general scheme of the Rules of Civil Procedure to do it by way of preliminary objections. The issue thus raised becomes a subsidiary issue unconnected with the basic issue of liability. The preliminary objection is itself a pleading in which subsidiary issues of fact may be raised and which re-

quires a responsive answer. The subsidiary issue may then be determined without confusion and without introducing the same into the substantive issues of liability.

This is particularly true where as in clause (d), Pa. R. C. P. 2002, the option is given a subrogee to remain off the record of the action if he so elects. Nothing in our opinion is more clear than the intent of the procedural rules to enable a subrogee to proceed on the subrogor's rights without appearing in the record of the case.

Now, February 20, 1956, the preliminary objections to the new matter pleaded in defendants' answer are sustained and the same is stricken off. Exception for defendants.