**J.P. Morgan Chase Bank v. Caplen**

*Neil E. Jokelson,* for plaintiff.
*Stephen M. Hladik,* for defendant.

ALBRIGHT, *J.,* March 28, 2011—The defendant, Neil B. Caplen, appeals from this court's order dated, June 2, 2010, granting the plaintiff JP Morgan Chase Bank's motion for summary judgment and entering judgment in favor of the plaintiff, JP Morgan Chase Bank, as trustee, c/o Wilshire Credit Corporation and against the defendant, Neil B. Caplen, in the amount of $404,507.59, together with interest at the legal rate and costs. For the reasons that follow, the undersigned believes that the order of June 2, 2010 should be affirmed.

## FACTUAL AND PROCEDURAL BACKGROUND

On June 12, 2001, Neil B. Caplen executed and delivered a promissory note with an adjustable rate rider (the "note") in the amount of two hundred twenty-eight thousand dollars ($228,000.00) to First Franklin Financial Corporation. To secure his obligation under the note, the defendant executed a mortgage on the same date (the "mortgage"), encumbering real estate located at 67 High Gate Lane, Blue Bell, Montgomery County, Pennsylvania, 19422 (the "property").[1] [Am. Compl. at ¶ 5]. Two days later, on June 14, 2001, in Santa Clara County, California, First Franklin Financial Corporation assigned the note and the mortgage to JP Morgan Chase Bank, as trustee [the "assignment"].[2] [Mot. to Amend Caption and Compl. at Ex. "A"; Am. Compl. at ¶2(d)]

On or about October 1, 2003, Mr. Caplen defaulted on the mortgage, precipitating the plaintiff's instituting this lawsuit with the filing of a complaint in mortgage foreclosure on February 24, 2004. [Am. Compl. at ¶ 8]. The defendant responded with his answer and new matter, filed on March 13, 2004, which was followed by the plaintiff's filing of an amended complaint and second answer and new matter filed by Mr. Caplen, admitting therein the identity of the plaintiff. [Def.'s Ans. at ¶ 1, 11/1/06]. Pursuant to the undersigned's order, dated November 30, 2007, discovery in this case was closed on February 1, 2008, and

---

1. On June 19, 2001, the mortgage was duly recorded in the office of the recorder of deeds of Montgomery County, Pennsylvania "in mortgage book 9028, page 1074, et seq." [*See* Am. Compl., at ¶2].

2. On November 7, 2003, the assignment was duly recorded in the office of the recorder of deeds of Montgomery County, Pennsylvania in mortgage book "10853, page 168." [*See* Pl.'s reply to def.'s new matter., at ¶ 1, 3/31/2004].

the plaintiff, being of the opinion that no genuine issues of material fact remained in a record devoid of evidence upon which the defendant might rely or employ in defense of the plaintiff's mortgage foreclosure action, filed its motion seeking the entry of summary judgment against the defendant mortgagor whose formal response was made on April 3, 2009. After the summary judgment request was briefed and argued, the undersigned, by order dated June 2, 2010, granted the plaintiff's motion and entered judgment in rem in favor of the plaintiff and against Mr. Caplen in the amount of $404,507.59, together with interest at the legal rate and costs. That order was appealed by the defendant to the Superior Court of Pennsylvania, and, on July 26, 2010, Mr. Caplen timely filed and served upon the undersigned his concise statement of matters complained of on appeal (Pa.R.A.P. "1925(b) Statement"), which provides the following:

1. The court erred in granting summary judgment to the plaintiff.

2. The plaintiff should not have prevailed given its inability to identify the alleged trust for which JP Morgan Chase Bank was allegedly acting as trustee or its alleged powers as trustee, the terms of the alleged trust, the type of purported trust it was acting on behalf of or even whether the alleged trust arose as a matter of law or was written.

3. The plaintiff should not have prevailed in its summary judgment motion as it could not even state or prove that the purported and as yet unidentified trust for which it purported to act as trustee still exists.

4. The plaintiff should not have prevailed in its summary judgment motion as it could not even state or prove that the purported and as yet unidentified trust still owned the mortgage in question or whether it had assigned the subject matter to another third party or has distributed or conveyed any purported entitlement it has to any purported beneficiary of said trust.

5. The plaintiff, in its capacity as an alleged "trustee" for a trust which it is unable to identify, was not the real party in interest and could not act on behalf of the real part in interest whose identity remains unascertained.

## DISCUSSION

In Pennsylvania, summary judgment is appropriate where the record shows that no genuine issue of material fact exists as to any necessary element of the cause of action or defense which could be established by additional discovery and the moving party is entitled to judgment as a matter of law. Pa.R.C.P. 1035.2. In considering the merits of a motion for summary judgment, the trial court must view the record in the light most favorable to the non-moving party and the moving party has the burden of proving that no genuine issue of material fact exists. *Fine v. Checcio*, 582 Pa. 253, 265, 870 A.2d 850, 857 (Pa. 2005). In an action for mortgage foreclosure, the entry of summary judgment is proper if the mortgagor admits that the mortgage is in default, that he has failed to pay interest on the obligation and that the recorded mortgage is in the specified amount. *See Cunningham v. McWilliams*, 714 A.2d 1054 at 1057 (Pa. Super. 1998). On appeal from a grant of summary judgment, the Superior Court will reverse a grant of summary judgment only if the trial

court has either committed an error of law or abused its discretion. *Atcovitz v. Gulph Mills Tennis Club, Inc.*, 571 Pa. 580, 585, 812 A.2d 1218, 1221 (Pa. 2002).

Mr. Caplen presents essentially one issue on appeal, namely, that the plaintiff, JP Morgan Chase Bank, as trustee, is not a real party in interest[3] because it has not identified the trust from which it derives its powers, and, therefore, has no right to proceed. [See Def.'s Resp. to Pl.'s Mot. for Summ. J., 4/3/09, at ¶ 20.] That lone issue, however, appears to have been fairly easily resolved since the defendant, having previously admitted JP Morgan Chase Bank as trustee's status as the proper party plaintiff to this lawsuit, has, by implication, recognized the bank's existence as the real party in interest entitled to initiate foreclosure against Mr. Caplen. Furthermore, having failed to effectively deny those averments contained in the plaintiff's amended complaint which are pertinent to Mr. Caplen's alleged default, the defendant has essentially admitted those allegations, thereby rendering nonexistent any remaining or potential genuine issues of material fact which might otherwise deprive the plaintiff of its resort to the entry of summary judgment in this case. [Def.'s Ans. to Pl.'s Am. Compl. at ¶ 1, 11/1/06]

Pursuant to Pennsylvania Rule of Civil Procedure 1147, which governs mortgage foreclosure actions, a plaintiff must set forth the following criteria in its complaint:

(1) the parties to and the date of the mortgage, and of

---

3. A "real party in interest" is a person who "has the power to discharge the claim upon which the suit is brought and to control the prosecution of the action brought to enforce rights arising under the claim." *See Collins v. Allstate Idem. Co.*, 626 A.2d 1162, 1167 (Pa. Super. 1993) (quoting Std. Pa. Prac. 2d § 14:17 (1981)).

any assignments, and a statement of the place of record of the mortgage and assignments;

(2) a description of the land subject to the mortgage;

(3) the names, addresses and interest of the defendants in the action and that the present real owner is unknown if the real owner is not made a party;

(4) a specific averment of default;

(5) an itemized statement of the amount due; and

(6) a demand for judgment in the amount due. Pa. R.C.P. 1147(a)(1)-(6).

The amended complaint filed in this case by JP Morgan Chase Bank, as trustee, contains the averments necessary to satisfy each of the criteria described in Rule 1147. [*See* Am. Compl. & Pl.'s Mot. to Am. Compl. at ].

Pennsylvania Rule of Civil Procedure 1029 requires a defendant to admit or deny each averment of fact within the complaint with specificity, stating that "[a]verments in a pleading to which a responsive pleading is required are admitted when not denied specifically by necessary implication. A general denial or a demand for proof, except as provided by subdivisions (c) and (e) of this rule, shall have the effect of an admission." Pa.R.C.P. 1029(b). With the exception of one paragraph, the general denials set forth in the defendant's answer to the plaintiff's amended complaint with new matter render admitted each of the averments in the plaintiff's amended complaint. [See Def.'s Ans. to Pl.'s Am. Compl. ¶¶ 1-14]

Paragraph 12 of the plaintiff's amended complaint states

that "Notice pursuant to Act 91/160, was sent to defendant on 12/31/03. A true and correct copy of the notice sent to the defendant is attached hereto and marked as Exhibit 'D.'" [Pl.'s Am. Compl. at ¶ 12]. Mr. Caplen responded, "Denied as beyond the knowledge of the defendant. Strict proof is demanded. By way of further answer, the notice attached as Exhibit 'D' is not proper notice and fails to confirm [sic] to the requirements of Act 91/160." [Def.'s Ans. To Pl.'s Am. Compl. at ¶ 12, 11/1/06] However, pursuant to 35 Pa.C.S. § 1680.403c.(a), a mortgagee need only "send to such mortgagor at his or her last known address the notice provided in subsection (b)." Despite Mr. Caplen's statement to the contrary, notice pursuant to Act 91 was, in fact, properly served upon him on November 30, 2003, as evidenced by the plaintiff's amended complaint, to which was attached the required notice, which was, as noted, addressed to the defendant at the property which is the subject of this action. Furthermore, given the defendant's failure to raise any issue regarding the propriety of the "Notice" in his 1925(b) statement, the trial court has determined that Mr. Caplen has opted not to pursue this issue on appeal.

In examining the only specific issue raised on appeal by Mr. Caplen, one's attention must first be drawn to paragraph 1 of the plaintiff's amended complaint, which states, "Plaintiff is JP Morgan Chase Bank, as trustee (Plaintiff), with an address in care of Wilshire Credit Corporation, 14523 SW Millikan Way, Suite 200, Beaverton, OR 97005." [Pl.'s Am. Compl. at 1, 5/3/05] Instead of objecting to this averment, as he now does, Mr. Caplen, as noted above, "[a]dmitted" in his answer, and thereby conceded that the plaintiff's representative

status and capacity to sue were correctly described and that JP Morgan Chase Bank, as trustee c/o Wilshire Credit Corporation, was the proper party plaintiff in this case and real party in interest. [Def.'s Ans. to Pl.'s Am. Compl. at ¶ 1, 11/1/06][4] Pertinent to any discussion of the plaintiff's standing as the real party in interest in this case is the application of Pa. R.C.P. 2002[5] which provides:

(a) Except as otherwise provided in clauses (b), (c) and (d) of this rule, all actions shall be prosecuted by and in the name of the real party in interest, without distinction between contract under seal and parol contracts.

(b) A plaintiff may sue in his or her own name without joining as plaintiff or use-plaintiff any person beneficially interested when such plaintiff

(1) *is acting in a fiduciary or representative capacity, which capacity is disclosed in the caption and in the plaintiff's initial pleading....*Pa. R.C.P. 2002(a)-(b)(1) (emphasis added).

Further, in the context of this rule and as demonstrated by all of the relevant pleadings in this case, JP Morgan Chase Bank, as trustee, is acting in its fiduciary and representative capacity for the real party in interest, the "trust." As required under Pa.R.C.P. 2002(b)(1), the plaintiff has sufficiently disclosed the capacity in which it is acting and its authority to pursue this mortgage

---

4. A defendant cannot raise a violation of Pa.R.C.P 2002 in new matter and instead the issue should be asserted in preliminary objections." *Spitzer v. Smith*, 10 Pa. D. & C.2d 243 (1942).

5. A defendant may not raise a violation of Pa.R.C.P. 2002 in new matter and instead that issue should be asserted in preliminary objections." *Spitzer v. Smith*, 10 Pa. D & C.2w 243 (1942).

foreclosure action as noted in both the case caption and in the body of the amended complaint itself. Furthermore, it is well-accepted that "the trustee is the proper party to sue or be sued on behalf of a trust." 76 AmJur.2d Trusts, § 656. "A trustee is a necessary party to assert or defend title to trust property, and is an indispensable party to an adjudication of rights of beneficiaries in a trust." 76 AmJur.2d Trusts § 679.

Given the fact that the plaintiff and defendant are parties to the underlying mortgage—the plaintiff having attained its status through a properly executed and recorded assignment—any contention by Mr. Caplen that the plaintiff somehow lacks the authority to bring this action is meritless. *See Collins v. Allstate Idem. Co.,* 626 A.2d 1162, 1167 (Pa. Super. 1993) (concluding in the context of an insurance dispute between an insured-plaintiff and insurer-defendant, the fact that the United States might later have an independent statutory right of reimbursement against the insured-plaintiffs did nothing to undermine insured-plaintiff's standing as a real party in interest).

Even if one might choose to assume that the defendant's admission as to the plaintiff's status as a real party in interest was, somehow, inconclusive of that fact, Mr. Caplen had not adduced or produced any evidence to the contrary that might tend to negate that to which he had previously subscribed and acknowledged as having established the plaintiff's standing to seek a foreclosure and enforcement of its right to recovery in this action. As such, there remains no legitimate dispute regarding what amounts simply to the defendant, admittedly, being in default of his note and mortgage, originally held by the mortgagee, First Franklin Financial Corporation, and

subsequently assigned to the plaintiff herein, JP Morgan Chase Bank, As trustee. There is absolutely nothing in the record of this case which might, evidentially, warrant either the trial court's invalidation of the assignment itself or its preclusion of the assignees from pursuing its remedies secured by that instrument. *Ertel v. Patriot-News Co.*,544 Pa. 93, 103, 674 A.2d 1038, 1043 (Pa. 1996).

## CONCLUSION

Based upon the foregoing, the trial court respectfully submits that the order, dated June 2, 2010, granting the plaintiff's motion for summary judgment and entering judgment in favor of the plaintiff, JP Morgan Chase Bank, as trustee c/o Wilshire Credit Corporation, and against the defendant, Neil B. Caplen, in the amount of $404,507.59 together with interest at the legal rate and costs, should be affirmed.