J-A33002-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| EMC MORTGAGE, LLC | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| ALESSANDRO AND CONCETTA SPENNATO | |
| Appellants | No. 3286 EDA 2013 |

Appeal from the Order Entered October 28, 2013
In the Court of Common Pleas of Chester County
Civil Division at No(s): 12-12365

BEFORE:  LAZARUS, J., WECHT, J., and STRASSBURGER, J.[*]

MEMORANDUM BY LAZARUS, J.:             **FILED JANUARY 16, 2015**

Alessandro and Concetta Spennato ("the Spennatos") appeal from the order entered in the Court of Common Pleas of Chester County, granting EMC Mortgage's motion for summary judgment.  Upon review, we affirm.

This matter stems from a mortgage foreclosure resulting from the Spennatos failure to make the required monthly payments of principal and interest beginning June 1, 2008 and every month thereafter.  On May 24, 2013, EMC Mortgage filed a motion for summary judgment, which the court granted on October 25, 2013.  This timely appeal followed.

On appeal, the Spennatos present the following issues for our review:

_____

[*] Retired Senior Judge assigned to the Superior Court.

1. Did the trial court commit an error of law when it refused the Spennatos' underlying request for discovery?

2. Did the trial court commit an error of law in its grant of summary judgment upon an inadmissible hearsay testimonial affidavit predicated upon an indecipherable hearsay "loan history?"

Brief of Appellants, at 8.

Our standard of review of an order granting summary judgment is well-settled:

> A reviewing court may disturb the order of the trial court only where it is established that the court committed an error of law or abused its discretion. As with all questions of law, our review is plenary.
>
> In evaluating the trial court's decision to enter summary judgment, we focus on the legal standard articulated in the summary judgment rule. Pa.R.C.P. 1035.2. The rule states that where there is no genuine issue of material fact and the moving party is entitled to relief as a matter of law, summary judgment may be entered. Where the non-moving party bears the burden of proof on an issue, he may not merely rely on his pleadings or answers in order to survive summary judgment. Failure of a non-moving party to adduce sufficient evidence on an issue essential to his case and on which it bears the burden of proof establishes the entitlement of the moving party to judgment as a matter of law. Lastly, we will view the record in the light most favorable to the non-moving party, and all doubts as to the existence of a genuine issue of material fact must be resolved against the moving party.

*JP Morgan Chase Bank, N.A. v. Murray*, 63 A.3d 1258, 1261-62 (Pa. Super. 2013) (case citation omitted).

> In an action for mortgage foreclosure, the entry of summary judgment is proper if the mortgagors admit that the mortgage is in default, that they have failed to pay interest on the obligation, and that the recorded mortgage is in the specified amount. This is so even if the mortgagors have not admitted the total amount of the indebtedness in their pleadings.

*Cunningham v. McWilliams*, 714 A.2d 1054, 1057 (Pa. Super. 1998) (citations omitted).

After a thorough review of the record, the briefs of the parties, the applicable law, and the well-reasoned opinion of the Honorable Edward Griffith, we conclude the Spennatos' issues merit no relief. Specifically, we agree with Judge Griffith's finding that the trial court did not err when it denied the Spennatos request to depose EMC Mortgage's affiant because the *Nanty-Glo*[1] rule does not apply where the moving party supports the motion with admissions from the opposing party or the opposing party's own testimony. *See Lineberger v. Wyeth*, 894 A.2d 141 (Pa. Super. 2006). We also note that the Spennatos fail to appropriately develop argument regarding their second issue on appeal. *See* Pa.R.A.P. 2119(b). Finally, we agree with the trial court's finding that summary judgment is proper where, in an action for *in rem* foreclosure due to the defendant's failure to pay a debt, the defendant admits that he failed to make payments and fails to state a cognizable defense to the plaintiff's claim. *See Gateway Towers Condominium Ass'n v. Krohn*, 845 A.2d 855 (Pa. Super. 2004).

Accordingly, we affirm based on the trial court's opinion, which comprehensively discusses and properly disposes of the questions

---

[1] *Borough of Nanty-Glo v. American Surety Co. of New York*, 163 A. 523 (Pa. 1932). The *Nanty-Glo* rule applies to cases where the party moving for summary judgment relies on the oral testimony of its own witnesses, regardless of whether such testimony remains unchallenged.

presented. *See* Trial Court Opinion, 1/23/14, at 2-3. We instruct the parties to attach a copy of that decision in the event of further proceedings in the matter.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/16/2015

| | |
|---|---|
| EMC MORTGAGE LLC | : IN THE COURT OF COMMON PLEAS |
| vs. | : CHESTER COUNTY, PENNSYLVANIA |
| | : CIVIL ACTION – LAW |
| ALESSANDRO SPENNATO and CONCETTA SPENNATO | : NO. 2012-12365-RC |

Chandra M. Arkema Esquire, Attorney for Plaintiff.
Matthew B. Weisberg, Esquire, Attorney for Defendants.

## OPINION

Defendants appeal from our Order dated October 25, 2013 granting Plaintiff's Motion for Summary Judgment. We submit this Opinion in accordance with Pa.R.A.P. 1925(a).

## PROCEDURAL HISTORY

This is a mortgage foreclosure action based on Defendants' failure to make the required monthly payments of principal and interest beginning June 1, 2008 and every month thereafter. Defendants filed their Answer with New Matter to Plaintiff's Complaint on December 27, 2012 and Plaintiff filed its Reply to Defendants' New Matter on January 18, 2013. Plaintiff filed its Motion for Summary Judgment on May 24, 2013 and Defendants filed their response on June 26, 2013. We granted Plaintiff's Motion by Order dated October 25, 2013 and docketed on October 28, 2013. Defendants filed their appeal on November 26, 2013.

## DISCUSSION

Defendants have alleged five Matters (sic) Complained Of on Appeal. The first Matter is a "generic" issue: did we err by granting Plaintiff's Motion for Summary Judgment. Matters two, three and four relate to Plaintiff's representative's Affidavit which was attached as an exhibit to Plaintiff's Motion for Summary Judgment. Matter five relates to the assignment of the mortgage and note.

ß

In Defendants' second Matter, they allege that we erred by failing to find that the Affidavit was inadmissible as hearsay. In Defendants' fourth Matter, they allege that we erred by granting Plaintiff's Motion without allowing the deposition of the affiant. We will address these Matters together. Oral testimony alone, even if uncontradicted, is not sufficient to establish the absence of a genuine issue of material fact because the cause of action depends on the credibility of the witnesses. Borough of Nanty-Glo v. American Surety Co. of New York, 163 A. 523 (Pa. 1932). The *Nanty-Glo* rule applies to cases where the party moving for summary judgment relies on the oral testimony of its own witnesses, regardless of whether such testimony remains unchallenged. Lineberger v. Wyeth, 894 A.2d 141 (Pa. Super. 2006). However, the rule does not apply where the moving party supports the motion by using admissions of the opposing party or the opposing party's own testimony. Id. In addition, in actions for *in rem* foreclosure due to the defendant's failure to pay a debt, summary judgment is proper where the defendant admits that he failed to make the payments due and fails to state a cognizable defense to plaintiff's claim. Gateway Towers Condominium Ass'n. v. Krohn, 845 A.2d 855 (Pa. Super. 2004). In their Answer to Plaintiff's Motion for Summary Judgment, Defendants admitted that they are in default and we found that they offered no valid defense. With regard to the amount of the default, our courts have held that judgment in a mortgage foreclosure action must be entered for a sum certain or no execution could ever issue on it. The mortgagor is entitled to an accounting, but that accounting is not due until the property is sold at the sheriff's sale. Landau v. Western Pennsylvania National Bank, 445 Pa. 217, 282 A.2d 335 (1971); Chase Home Mortgage Corp. of the Southeast v. Good, 370 Pa. Super. 570, 537 A.2d 22 (1988). Therefore, Plaintiff adequately supported its Motion by using Defendants own admissions. In Defendants' third Matter, they allege that we erred by determining that the affiant had standing pursuant to the Limited Power of

- 2 -

C

Attorney. Upon review of the Limited Power of Attorney, we determined that the affiant did, in fact, have standing to supply the Affidavit. In addition, as stated above, Plaintiff supported its Motion by using Defendants' own admissions.

In their final Matter, Defendants allege that we erred by holding that there was a proper "assignment of mortgage and negotiated note transfer via permanent allonge." Defendants appear to make this allegation based on JP Morgan Chase Bank, N.A. v. Murray, 63 A.3d 1258 (Pa. Super. 2013). With regard to the mortgage, the original mortgagee was Washington Mutual Bank, FA. The mortgage was assigned to EMC Mortgage Corporation which is now known as EMC Mortgage, LLC (Plaintiff). This assignment was recorded in the Chester County Recorder of Deeds at book 7235, page 1716. With regard to the Note, it was endorsed over to EMC Mortgage Corporation without recourse by Washington Mutual Bank, FA.

For the foregoing reasons, we entered the Order from which this Appeal has been taken.

BY THE COURT:

_____

EDWARD GRIFFITH                    J.

_____1/29/14_____
Date

- 3 -

O