**Gail M. CUNNINGHAM, Appellee,**

v.

**Joseph McWILLIAMS and Kimberly LaGatta, Appellants.**

Superior Court of Pennsylvania.

Argued Dec. 9, 1997.
Filed July 21, 1998

---

Hilary A. Kinal, Beaver, for appellants.

John J. Petrush, Beaver, for appellee.

Before DEL SOLE and FORD ELLIOTT, JJ., and CERCONE, President Judge Emeritus.

CERCONE, President Judge Emeritus:

This is an appeal from an order entering summary judgment in favor of plaintiff/appellee. For the reasons set forth below, we affirm.

Plaintiff/appellee, Gail M. Cunningham, initiated the suit underlying this appeal by filing a complaint for mortgage foreclosure on July 9, 1996. Among other things, the complaint alleges that defendants/appellants, Joseph E. McWilliams and Kimberly A. La-Gatta, are parties to a mortgage in which appellee plaintiff is the mortgagee and appellants are the mortgagors. Complaint at 1, ¶¶ 2–4. The mortgage is recorded in Mortgage Book Volume 1361, Page 770 in the Office of the Recorder of Deeds of Beaver County, Pennsylvania. *Id.* ¶ 4. The mortgage secures a promissory note executed by appellants in the amount of six thousand six hundred dollars ($6,600) payable to appellee in monthly installments with interest at a rate of 8.25% per annum on the unpaid principal. *See id.* at 1, ¶ 5 and Exhibit "A" (*Promissory Note* executed March 31, 1995). Appellants own the undeveloped land subject to the mortgage, which is located in Ohioville Borough in Beaver County. *Id.* at 2–3, ¶¶ 6–7, 9.

According to the complaint, appellants failed to make the payment due on June 1, 1995, with the resulting amounts due pursuant to the terms of the mortgage being:

| | |
|---|---:|
| Principal Balance | $6,529.59 |
| Interest from May 1, 1995 through July 1, 1996 | 647.50 |
| Late charges through July 1, 1996 | 53.17 |
| Attorney's commission at 15% | 1,084.54 |
| TOTAL | $8,314.80 |

*Id.* at 3, ¶ 8.

Service of the complaint was accepted on behalf of appellants on July 11, 1996. On July 24, 1996, appellants filed an Answer, New Matter and Counterclaim which admitted the averments in paragraphs 1 though 7, and in paragraph 9 of the complaint. Thus appellants admitted that they had executed a mortgage which subsequently was recorded, that the mortgage was secured by a promissory note in the amount of $6,600, as discussed *supra*, and that their undeveloped land in Ohioville Borough is subject to that mortgage. The Answer and New Matter partially denies the matter alleged in paragraph 8 of the complaint. However, appellants explicitly admitted that they ceased to make the payments required under the mortgage and note:

> As to paragraph 8, it is admitted that payments were not made, but defendants deny default because of plaintiff's prior breach and misrepresentation of the agreement of sale, which is more fully explained in an equitable action at Beaver County Civil No. 12045 of 1995, and defendants [deny] the amount of interest and other charges allegedly due as therefore not due, and deny the attorney's commission as not set at 15% by the Mortgage Note.

Answer and New Matter at 1. In their Counterclaim, appellants further averred as follows:

> As more fully explained in the equitable action at Beaver County Civil No. 12045 of 1995, plaintiff in this case has breached and misrepresented the agreement of sale of this property, which is also a subject of equitable action at Beaver County Civil

No. 12045 of 1995, and for which relief is sought in that case, and which is counterclaimed for in this case.

*Id.*

Appellee filed a motion for summary judgment on August 19, 1996 accompanied by a Reply to New Matter and Counterclaim contending that appellants' New Matter neither set forth material facts in dispute nor stated a cognizable defense. Appellee also claimed that appellants' alleged "counterclaim" failed to state a cognizable cause of action. *See* Reply to New Matter and Counterclaim at 1. Appellants filed an Answer, an Amended Answer, and a Second Amended Answer to the motion for summary judgment. Essentially, appellants argued that appellee's complaint in mortgage foreclosure was nothing more than a "counterclaim" to a separately filed equity action initiated by appellants. Additionally, appellants disputed the amount of money due under the acceleration clause of the mortgage. *See* Second Amended Answer to Motion for Summary Judgment, filed March 15, 1997.

On April 23, 1997, appellants also filed a document titled "Addendum to Second Amended Answer to Motion for Summary Judgment." This document alleged fraud in the inducement to enter into the contract of sale for the property which is subject to the mortgage, and requested rescission on the mortgage and note. Appellants also filed preliminary objections essentially arguing the same points presented in their other filings.

On May 8, 1997, the Honorable Thomas C. Mannix entered an order indicating that oral argument had been conducted in the forfeiture matter. He explicitly noted that appellants' claims for fraud and misrepresentation with regard to the agreement of sale were not matters before the court in the forfeiture action, but were reserved for consideration in the separate equity action. Judge Mannix then granted appellee's request for summary judgment on the mortgage foreclosure. *See* Trial Court Order dated May 8, 1997.

On May 19, 1997, appellants filed a motion to reopen the judgment entered in the mortgage foreclosure action. Judge Mannix denied the request on June 3, 1997.[1] Two days later, appellants filed a timely appeal from the order of May 8th which granted summary judgment in favor of appellee. Appellants present one argument for our consideration:

WHETHER THE TRIAL COURT'S DECISION WAS CLEARLY ERRONEOUS IN GRANTING FORECLOSURE ON A MORTGAGE ACTION, WHEN THE EXISTENCE OF THE MORTGAGE HAD ALREADY BEEN PUT IN QUESTION BY DEFENDANTS' PRIOR–IN–TIME FILED EQUITABLE ACTION TO RESCIND THE CONTRACT, THE EQUITABLE ACTION BEING BASED ON THERE BEING NO MEETING OF THE MINDS ON THE PROPERTY TO BE SOLD?

Appellants' Brief at 4.

Rule of Civil Procedure 1035.2 provides that any party may move for summary judgment whenever there is no genuine issue of any material fact as to a necessary element of the cause of action, or concerning any defense which could be established by additional discovery or expert report. *See* Pa. R.C.P. No. 1035.2(1), 42 Pa.C.S.A. When reviewing a grant of summary judgment, an appellate court may disturb the trial court's order only if there has been "an error of law or a clear or manifest abuse of discretion." *Albright v. Abington Memorial Hospital*, 548 Pa. 268, 279–280, 696 A.2d 1159, 1168 (1997). Our scope of review is plenary in this matter, and we apply the same standard for summary judgment as the trial court employs. *Id.* We must view the record in favor of the non-moving party and resolve all doubts as to the existence of a genuine issue of material fact in favor of the non-movant. *Ertel v. Patriot–News Co.*, 544 Pa. 93, 98–99, 674 A.2d 1038, 1041 (1996).

▮▮▮ Upon default, the holder of a mortgage can legally proceed to enforce the terms of the mortgage either by foreclosure proceedings or by obtaining judgment on the

---

1. The present appeal does not discuss the petition to open the foreclosure judgment nor does it challenge the propriety of the trial court's order denying relief.

bond accompanying the mortgage and issuing a writ of execution. *See Elmwood Federal Savings Bank v. Parker*, 446 Pa.Super. 254, 260, 666 A.2d 721, 724 n. 6 (1995), *citing* 22 Standard Pennsylvania Practice 2d § 121.3. In an action for mortgage foreclosure, the entry of summary judgment is proper if the mortgagors admit that the mortgage is in default, that they have failed to pay interest on the obligation, and that the recorded mortgage is in the specified amount. *Landau v. Western Pennsylvania National Bank*, 445 Pa. 217, 225–26, 282 A.2d 335, 340 (1971). This is so even if the mortgagors have not admitted the total amount of the indebtedness in their pleadings. *Id. See generally* 22 Standard Pennsylvania Practice 2d § 171:69 (discussing motions for summary judgment in a foreclosure action).

■ As we have already explained, appellee's complaint alleges that appellants gave their mortgage in a specific amount (and at a specific rate of interest) which has been recorded in the Office of the Recorder of Deeds of Beaver County. Appellants admitted these facts. They also admitted that they have defaulted on the payments due under the mortgage and that they have failed to pay interest on their obligation. The trial court thus acted correctly in granting summary judgment in favor of appellee since no material fact remains in issue as to any element in the mortgage foreclosure action. *See Landau, supra.*

■ We are cognizant of appellants' contention that their counterclaim concerning the equitable action they filed at Beaver County Civil No. 12045 of 1995 should be treated as a defense to the mortgage foreclosure action. We cannot agree. Rule of Civil Procedure 1148, which permits pleading a counterclaim in an action of mortgage foreclosure, authorizes only those counterclaims arising from the same transaction from which the plaintiff's cause of action arose. *See* Pa. R.C.P. No. 1148, 42 Pa C.S.A. Our law is clear that Rule 1148 must be interpreted narrowly. *Chrysler First Business Credit Corp. v. Gourniak*, 411 Pa.Super. 259, 264–66, 601 A.2d 338, 341 (1992). As the courts of Pennsylvania have applied this Rule, only those counterclaims are permitted that are

part of or incident to the creation of the mortgage relationship itself. *Id.* Rule 1148 does not permit a counterclaim arising from a contract related to the mortgage, such as a contract for sale of real property. *See generally id.* (collecting cases) and 22 Standard Pennsylvania Practice 2d § 121.65 (discussing counterclaims in a foreclosure action). Thus, a counterclaim in a foreclosure action is cognizable if it alleges fraud in the inducement to the mortgage, but not if it alleges fraud in the inducement to the contract of sale. *See id.*

In the present case, appellants' counterclaim arises from alleged fraudulent misrepresentations which they contend induced them to enter into a contract for the purchase of the real property. This is precisely the type of counterclaim that is **not** cognizable under Rule 1148. *See Chrysler First Business Credit Corp., supra. See also Overly v. Kass*, 382 Pa.Super. 108, 113–16, 554 A.2d 970, 973–74 (1989) (mortgagor's claims of misrepresentation concerned the agreement of sale for the real property and thus were not "part of" or "incident to" the creation of the mortgage; therefore the averments could not be pled as a counterclaim in an action in foreclosure on a mortgage over the subject property). Thus, we conclude that the trial court's order was proper.

Order affirmed.