NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-2848
_____

VFC PARTNERS 25 LLC,*


v.

SCRANTON CENTER HOLDINGS LP,

*Appellant*

*(Amended pursuant to the Clerk's Order entered June 7, 2013)
_____

Appeal from the United States District Court
for the Middle District of Pennsylvania
(Civ. No. 1:10-CV-1251)
District Judge: Honorable William W. Caldwell
_____

Submitted Under Third Circuit LAR 34.1(a)
September 11, 2013

Before: McKEE, *Chief Judge*, SMITH and SLOVITER, *Circuit Judges*

(Opinion Filed: November 7, 2013)
_____

OPINION
_____


MCKEE, *Chief Judge*

Scranton Center Holdings, LP ("Scranton Holdings") appeals an order entered by the District Court, granting summary judgment to Bank of America, National Association.[1] For the reasons set forth below, we will affirm the District Court's grant of summary judgment.[2]

## I.

Because we write primarily for the parties who are familiar with this case, we need not recite the procedural or factual history.[3]

Before beginning our discussion of the issues raised on appeal, we note the peculiar circumstance of this case. In failing to oppose Bank of America's motion to substitute VFC Partners as Appellee, Scranton Holdings also chose not to contest the validity of any of the subsequent assignments to U.S. Bank or VFC Partners. Moreover, although this action arises from a mortgage foreclosure of Scranton Holding's interest in the mortgaged property, Scranton Holdings brought this action despite its concession that it is in default on the underlying mortgage. Scranton Holdings instead rests its appeal on the claim that the District Court erred when it found that Bank of America provided

---

[1] We granted Bank of America's unopposed motion to substitute VFC Partners 25 LLC as Appellee. Fed. R. App. P. 43. VFC is a limited liability company, and its citizenship "is determined by the citizenship of its members." *Johnson v. SmithKline Beecham Corp.*, 724 F.3d 337, 348 (3d Cir. 2013). We are satisfied that the substitution does not divest this Court of jurisdiction. *See Freeport-McMoRan, Inc. v. K N Energy, Inc.*, 498 U.S. 426, 428 (1991). To avoid confusion, we will continue to refer to the Appellee as Bank of America.

[2] "We review the District Court's grant of summary judgment de novo and apply the same standard the District Court applied." *Liberty Mut. Ins. Co. v. Sweeney*, 689 F.3d 288, 292 (3d Cir. 2012).

[3] The District Court had diversity jurisdiction pursuant to 28 U.S.C. § 1332, and we have appellate jurisdiction pursuant to 28 U.S.C. § 1291.

sufficient admissible evidence to establish that it had standing to file the foreclosure action. Specifically, Scranton Holdings asserts that Bank of America is required to independently authenticate the assignment documents, as well as its merger with LaSalle Bank, National Association (LaSalle), in order to establish that it has standing and is the "real party in interest." We disagree.

## II.

"In a mortgage foreclosure action, the plaintiff must show the existence of an obligation secured by a mortgage, and a default on that obligation." *Chem. Bank v. Dippolito*, 897 F. Supp. 221, 224 (E.D. Pa. 1995). "'The entry of summary judgment is proper if the mortgagors admit that the mortgage is in default, that they have failed to pay interest on the obligation, and that the recorded mortgage is in the specified amount.'" *Wilson v. Parisi*, 549 F. Supp. 2d 637, 655 (M.D. Pa. 2008) (quoting *Cunningham v. McWilliams*, 714 A.2d 1054, 1057 (Pa. Super. Ct. 1998) (citing *Landau v. W. Pa. Nat. Bank*, 282 A.2d 335, 340 (Pa. 1971))).

A mortgage foreclosure action "may be maintained by either the original holder of the mortgage or a subsequent assignee." *In re Alcide*, 450 B.R. 526, 536 (Bankr. E.D. Pa. 2011). If the mortgage is assigned, the assignee of the mortgage is the "real party in interest" within the meaning of Federal Rule of Civil Procedure 17(a). *Cecil Twp. Mun. Auth. v. N. Am. Specialty Sur. Co.*, 836 F. Supp. 2d 367, 385 (W.D. Pa. 2011); *Wilcox v. Regester*, 207 A.2d 817, 820 (Pa. 1965).

We agree with the District Court that in order for Bank of America to demonstrate that it has standing and is the real party in interest, Bank of America need only provide

3

the Note and Mortgage, the related assignment documents, and an affidavit from the servicer attesting to its damages and costs. *See, e.g.*, *Amerco Real Estate Co. v. Appalachian Self-Storage*, LLC, Civ. No. 3:11-CV-1166, 2012 WL 3597189, at *8 (M.D. Pa. Aug. 20, 2012); *HSBC Bank USA, N.A. v. Keenhold*, Civ. No. 4:CV-08-1024, 2009 WL 523092, at *2 (M.D. Pa. Mar. 2, 2009).

Bank of America provided a copy of the Note. An endorsement on the Note originally held by Wells Fargo confirms that it was assigned to LaSalle, and by way of a merger, Bank of America succeeded to LaSalle's rights as assignee pursuant to the National Bank Act. *See* 12 U.S.C. § 215(e) (2012). Bank of America also provided a copy of the Mortgage. The assignment of the Mortgage from MERS to Bank of America was recorded by the Recorder of Deeds for Lackawanna County. And finally, Bank of America provided an affidavit from its servicer attesting to the default, damages, and costs. Thus, as the subsequent assignee of the obligation and mortgage, Bank of America had standing and was the real party in interest when it commenced its foreclosure action. *See Cecil Twp. Mun. Auth.*, 836 F. Supp. 2d at 385; *Wilcox*, 207 A.2d at 820. Scranton Holdings' argument to the contrary is frivolous.

Nevertheless, Scranton Holdings argues (solely as an "issue presented" in its brief) that the District Court erred in finding it was in default. However, assuming arguendo that this issue was not waived by failing to present supporting argumentation in its opening brief, *Free Speech Coal., Inc. v. Attorney Gen. of U.S.*, 677 F.3d 519, 545 (3d Cir. 2012), the assertion is meritless. Scranton Holdings admits that it "has not made payments relating to the subject mortgage since[,] on or before December 1, 2009," and

4

is therefore in default. *Hearns v. Parisi*, 548 F. Supp. 2d 132, 142 (M.D. Pa. 2008). This admission includes failure to pay the interest on the obligation. Consequently, summary judgment is appropriate. *See Wilson*, 549 F. Supp. 2d at 655.

### III.

For the foregoing reasons, we will affirm the District Court's grant of summary judgment.