**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| WELLS FARGO BANK, N.A., S/B/M TO WELLS FARGO HOME MORTGAGE, INC. | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| GEORGE MIRKOV | |
| Appellant | No. 2273 EDA 2014 |

Appeal from the Judgment Entered July 1, 2014
In the Court of Common Pleas of Monroe County
Civil Division at No(s): No. 1869 CV 2012

BEFORE:  BOWES, J., MUNDY, J., and FITZGERALD, J.[*]

MEMORANDUM BY MUNDY, J.:                    **FILED JUNE 23, 2015**

Appellant, George Mirkov, appeals from the July 1, 2014 *in rem* judgment entered in favor of Appellee, Wells Fargo Bank, N.A., s/b/m to Wells Fargo Home Mortgage, Inc. (Wells Fargo), pursuant to the order granting Wells Fargo's motion for summary judgment in its action for mortgage foreclosure.  After careful review, we affirm.

The trial court set forth the relevant facts of this case, in the light most favorable to Mirkov, as follows.

> On August 2, 2001, [Mirkov] executed and delivered
> a mortgage and note to BNY Mortgage Company,
> LLC [(BNY Mortgage)].  The mortgage was recorded
> on August 10, 2001 in the [o]ffice of the [r]ecorder

---

[*] Former Justice specially assigned to the Superior Court.

of Monroe County, in [m]ortgage [b]ook [n]o. 2102, [p]age 3226. The mortgage was assigned to the Mortgage Electronic Registration System ("MERS") on August 10, 2001 as nominee. The mortgage was then assigned to Alliance Mortgage Company [(Alliance Mortgage)] evidenced by the intervening [a]ssignment of [m]ortgage. The intervening [a]ssignment of [m]ortgage was executed on January 18, 2011 but the effective date of the [a]ssignment to Alliance Mortgage [] was November 17, 2002. The mortgage was assigned, again, to Alliance Mortgage [] by the [c]orrective [a]ssignment of [m]ortgage. The mortgage was assigned to Wells Fargo Home Mortgage, Inc. on November 18, 2002.

[Wells Fargo] merged with Wells Fargo Home Mortgage and became the successor by merger, the legal owner of the mortgage. The mortgage secures property located in East Stroudsburg, Pennsylvania. [Mirkov] [twice] modified the terms of the mortgage by executing [two separate] [l]oan [m]odification [a]greement[s] [with] [Wells Fargo] [in 2006 and 2009,] signed by [Mirkov].

[Mirkov] is in default of his obligation because monthly payments of principal and interest due as of September 1, 2009 are due and owing, whereby causing the entire balance of principal and interest to become due. [On March 6, 2012, Wells Fargo] filed this action in mortgage foreclosure seeking an *in rem* judgment and also served [Mirkov] [n]otice of [i]ntention to [f]oreclose as set forth in Act 6 of 1974.

Trial Court Opinion, 7/1/14, at 4-5 (italics in original) (citations omitted).

On February 3, 2014, Wells Fargo filed a motion for summary judgment against Mirkov, and Mirkov filed an answer thereto and brief in opposition on April 2, 2014. On July 1, 2014, the trial court granted Wells Fargo's summary judgment motion and entered an *in rem* judgment in favor

of Wells Fargo in the amount of $291,999.98, together with interest and costs. On July 31, 2014, Mirkov filed a timely notice of appeal.[1]

On appeal, Mirkov presents the following issue for our review.

> Did the trial court commit an error of law in its grant of summary judgment where there did not exist a pre-judgment negotiated note and assignment of mortgage through the chain of loan title in favor of [Wells Fargo]?

Mirkov's Brief at 8. Specifically, Mirkov argues that Wells Fargo did not have standing because it was not the real party in interest due to defects in the assignment of the negotiated note by MERS from BNY Mortgage to Alliance Mortgage, and from Alliance Mortgage to Wells Fargo. *Id.* at 12-13.

We begin by noting our standard and scope of review.

> We review an order granting summary judgment for an abuse of discretion. ***Indalex, Inc. v. Nat'l Union Fire Ins. Co. of Pittsburgh, PA***, 83 A.3d 418, 420 (Pa. Super. 2013). Our scope of review is plenary, and we view the record in the light most favorable to the nonmoving party. ***Id.*** A party bearing the burden of proof at trial is entitled to summary judgment "whenever there is no genuine issue of any material fact as to a necessary element of the cause of action or defense which could be established by additional discovery or expert report[.]" Pa.R.C.P. 1035.2(1). In response to a summary judgment motion, the nonmoving party cannot rest upon the pleadings, but rather must set

---

[1] The trial court and Mirkov have complied with Pennsylvania Rule of Appellate Procedure 1925. On September 18, 2014, the trial court filed a statement pursuant to Rule 1925(a), referring this Court to its opinion dated June 30, 2014 and addressing the additional issue of Wells Fargo's standing.

forth specific facts demonstrating a genuine issue of material fact. Pa.R.C.P. 1035.3.

The holder of a mortgage has the right, upon default, to bring a foreclosure action. **_Cunningham v. McWilliams_**, 714 A.2d 1054, 1056–57 (Pa. Super. 1998). The holder of a mortgage is entitled to summary judgment if the mortgagor admits that the mortgage is in default, the mortgagor has failed to pay on the obligation, and the recorded mortgage is in the specified amount. **_Id._**

**_Bank of Am., N.A. v. Gibson_**, 102 A.3d 462, 464-465 (Pa. Super. 2014), _appeal denied_, 112 A.3d 648 (Pa. 2015).

In this appeal, Mirkov argues that the chain of assignment of the mortgage and note is defective and does not establish Wells Fargo as the real party in interest. Mirkov's Brief at 13. Assuming there is a defect in the chain of assignment,[2] we conclude that any purported defects in the chain of

---

[2] The chain of assignment is not defective. On August 2, 2001, Mirkov executed the mortgage and promissory note in favor of BNY Mortgage. Wells Fargo's Motion for Summary Judgment, 2/3/14, at Ex. A ("Mortgage"), Ex. A1 ("Note"). The mortgage was recorded on August 10, 2001 in mortgage book 2102, at page 3226. **_Id._** On August 2, 2001, BNY assigned the mortgage and note to MERS. **_Id._** at Ex. A2 ("Assignment of Security Interest"). This was recorded on August 10, 2001 in mortgage book 2102, at page 3246. **_Id._** On November 18, 2002, Alliance Mortgage assigned the mortgage and note to Wells Fargo Home Mortgage, Inc. **_Id._** at Ex. A5 ("Assignment of Security Instrument"). On December 10, 2002, this assignment was recorded in mortgage book 2139, at page 196. **_Id._** Wells Fargo is the successor by merger to Wells Fargo Home Mortgage, Inc. **_Id._** at Ex. A6.

Mirkov contends there is a gap in the chain of assignment from when MERS acquired the mortgage to when Alliance Mortgage assigned it to Wells Fargo Home Mortgage. In other words, there is no record of the mortgage

_(Footnote Continued Next Page)_

assignment do not prevent Wells Fargo from enforcing the note because it is undisputed that Wells Fargo is the current holder of the original note that has been specially indorsed.  In ***JP Morgan Chase Bank, N.A. v. Murray***, 63 A.3d 1258, 1268 (Pa. Super. 2013), this Court concluded that under the Pennsylvania Uniform Commercial Code (PUCC), 13 Pa.C.S.A. §§ 1101-9809, the note securing a mortgage is a negotiable instrument.  ***Id.*** at 1265,

_(Footnote Continued)_ ———————————

being assigned by MERS to Alliance Mortgage.  Mirkov's Brief at 12.  The record belies this assertion.  On January 18, 2011, MERS filed an intervening assignment of mortgage, indicating it assigned the mortgage and note to Alliance Mortgage with an effective date of November 17, 2002 to correct the chain of title.  Wells Fargo's Motion for Summary Judgment, 2/3/14, at Ex. A3 ("Intervening Assignment of Mortgage").  This was recorded on February 10, 2011 in mortgage book 2382, at page 9479.  ***Id.***  MERS again recorded its assignment of the mortgage and note to Alliance Mortgage on June 19, 2013 in mortgage book 2422, at page 2207.  ***Id.***, at Ex. A4 ("Corrective Assignment of Mortgage").

Mirkov contends that the June 19, 2013 assignment somehow negated the assignment of the mortgage and note from Alliance Mortgage to Wells Fargo Home Mortgage.  Mirkov's Brief at 13.  However, the June 19, 2013 corrective assignment specifically states that it replaces only the assignment recorded on February 10, 2011.  Wells Fargo's Motion for Summary Judgment, 2/3/14, at Ex. A4 ("Corrective Assignment of Mortgage", 6/19/13).  It has no effect on the November 18, 2002 assignment from Alliance Mortgage to Wells Fargo Home Mortgage.  ***Id.***  Moreover, Mirkov admits that he twice entered into loan modification agreements with Wells Fargo in 2006 and 2009.  ***See id.*** at Ex. A7 ("Loan Modification Agreement," 5/23/06); Mirkov's Answer to Motion for Summary Judgment, 4/2/14, at ¶ 9 (admitting to entering into 5/23/06 loan modification with Wells Fargo); Wells Fargo's Motion for Summary Judgment, 2/3/14, at Ex. A8 ("Loan Modification Agreement," 1/15/09); Mirkov's Answer to Motion for Summary Judgment, 4/2/14, at ¶ 10 (admitting entering into 1/15/09 loan modification with Wells Fargo).  Therefore, we agree with the trial court that Appellant has failed to create a genuine issue of material fact as to defects in the chain of title.  ***See Gibson***, ***supra***.

*citing* 13 Pa.C.S.A. § 3104. The PUCC states that a person entitled to enforce an instrument includes the following.

### § 3301. Person entitled to enforce instrument

"Person entitled to enforce" an instrument means:

(1) the holder of the instrument;

(2) a nonholder in possession of the instrument who has the rights of a holder; or

(3) a person not in possession of the instrument who is entitled to enforce the instrument pursuant to section 3309 (relating to enforcement of lost, destroyed or stolen instrument) or 3418(d) (relating to payment or acceptance by mistake).

13 Pa.C.S.A. § 3301. Significantly, "[a] person may be a person entitled to enforce the instrument even though the person is not the owner of the instrument or is in wrongful possession of the instrument." ***Id.*** Thus, applying the PUCC, this Court has held that if a mortgagee can "establish that it holds the original Note, and that it is indorsed in blank [or specially indorsed], under the [PUCC] it will be entitled to enforce the Note [as a negotiable instrument] … even if there remain questions as to the chain of possession of the [n]ote from the time of its making to its arrival in [a]ppellee's figurative hands." ***Murray***, ***supra*** at 1268, *citing*, 13 Pa.C.S.A. § 3109(a). Accordingly, if Wells Fargo can establish both that it was (1) the holder in due course of the original note, and (2) the note is indorsed in

blank or specially indorsed, it is entitled to enforce the note regardless of the alleged deficiencies in the assignments. ***See id.***

A "holder in due course" of a negotiable instrument is defined by the PUCC as the holder of an instrument if "the instrument when issued or negotiated to the holder does not bear such apparent evidence of forgery or alteration or is not otherwise so irregular or incomplete as to call into question its authenticity[,]" and "the holder took the instrument … for value … [and] in good faith." 13 Pa.C.S.A. § 3302(a)(1)-(2). Regarding indorsement, the PUCC provides as follows.

> **§ 3205. Special indorsement; blank indorsement; anomalous indorsement**
>
> **(a) Special indorsement.--**If an indorsement is made by the holder of an instrument, whether payable to an identified person or payable to bearer, and the indorsement identifies a person to whom it makes the instrument payable, it is a "special indorsement." When specially indorsed, an instrument becomes payable to the identified person and may be negotiated only by the indorsement of that person. The principles stated in section 3110 (relating to identification of person to whom instrument is payable) apply to special indorsements.
>
> **(b) Blank indorsement.--**If an indorsement is made by the holder of an instrument and it is not a special indorsement, it is a "blank indorsement." When indorsed in blank, an instrument becomes payable to bearer and may be negotiated by transfer of possession alone until specially indorsed.
>
> …

***Id.*** § 3205.

Here, there is no genuine issue of material fact that Wells Fargo is the holder of the original note and the note is specially indorsed to Wells Fargo. The note was originally payable to BNY Mortgage. Wells Fargo's Motion for Summary Judgment, 2/3/14, at Ex. A1 ("Note"), at 1; Mirkov's Answer to Motion for Summary Judgment, at ¶ 3. The note contains the three following indorsements.

> PAY TO THE ORDER OF
> ALLIANCE MORTGAGE COMPANY
> WITHOUT RECOURSE
> BY: BNY MORTGAGE COMPANY LLC
> SIGNED: [signature of Jayne M. Evatte]
>      JAYNE M. EVATTE
>      ASST. VICE PRESIDENT
>
> PAY TO THE ORDER OF
>
> _____
> WITHOUT RECOURSE
> BY: ALLIANCE MORTGAGE COMPANY
> SIGNED: [signature of Bobbi O'Brien]
>      BOBBI O'BRIEN
>      ASST. VICE PRESIDENT
>
> WITHOUT RECOURSE
> PAY TO THE ORDER OF
> Wells Fargo Home Mortgage, Inc.
> By [signature of Angela R. Dodson]
>      Angela R. Dodson
>      Assistant Secretary

*Id.* at 3. These indorsements show BNY Mortgage specially indorsed the note to Alliance Mortgage, who then issued a blank indorsement to Wells Fargo Home Mortgage, and Wells Fargo Home Mortgage specially indorsed it by identifying itself as the bank to which it became payable. 13 Pa.C.S.A. § 3205(a)-(b). Wells Fargo, as the successor in interest to Wells Fargo

Home Mortgage, is the current holder of the specially indorsed note. Therefore, Wells Fargo is entitled to enforce the note despite any alleged deficiencies in the chain of assignments of the mortgage, and Mirkov's assertion that the assignment was defective does not raise a genuine issue of material fact. **See id.** § 3301; **Murray**, **supra**.

Moreover, the trial court found that "[Mirkov] has effectively admitted he is a party to the mortgage, that the mortgage is in default, that he has not made each and every monthly payment when due nor paid interest on the obligation, and that the mortgage is in the specified amount." After careful review, we conclude that the record supports the trial court's findings. Significantly, Mirkov executed two loan modification agreements with Wells Fargo in 2006 and 2009, wherein Mirkov acknowledged that Wells Fargo was the "lender," that he had an outstanding principal balance plus interest owing to Wells Fargo, and that his obligations to Wells Fargo under the mortgage would continue. **See** Wells Fargo's Motion for Summary Judgment, 2/3/14, at Ex. A7 ("Loan Modification Agreement," 5/26/06, at 1-2); Mirkov's Answer to Motion for Summary Judgment, 4/2/14, at ¶ 9 (admitting to entering into May 23, 2006 loan modification with Wells Fargo); Wells Fargo's Motion for Summary Judgment, 2/3/14, at Ex. A8 ("Loan Modification Agreement," 1/15/09, at 1-2); Mirkov's Answer to Motion for Summary Judgment, 4/2/14, at ¶ 10 (admitting entering into January 15, 2009 loan modification with Wells Fargo). Mirkov does not

dispute that he is in default, that he failed to pay on the obligation, or that the recorded mortgage is in the specified amount. Therefore, Mirkov failed to raise a genuine issue of material fact to preclude summary judgment in favor of Wells Fargo. **See Gibson**, **supra**.

Based on the foregoing, we conclude Appellant's issues lack merit and the trial court did not abuse its discretion or err as a matter of law in awarding summary judgment in favor of Wells Fargo. **See id.** Accordingly, we affirm the trial court's July 1, 2014 judgment.

Judgment affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: <u>6/23/2015</u>