**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 15-1510
_____

U.S. BANK, NATIONAL ASSOCIATION, as Trustee, Successor-In-Interest to
Wachovia Bank, N.A., as Trustee for MLMI 2005-A8

v.

DEBBIE ZIMMER and LAWRENCE ZIMMER,

Appellants


Appeal from the United States District Court for the Middle District of Pennsylvania
(3-12-cv-00644)
District Judge:  Hon. Edwin M. Kosik

Submitted Pursuant to Third Circuit LAR 34.1(a)
March 15, 2016


Before:  FUENTES, CHAGARES, and RESTREPO, Circuit Judges.

(Filed May 11, 2016)
_____

OPINION*
_____

CHAGARES, Circuit Judge.

Defendants Debbie and Lawrence Zimmer ("the Zimmers") appeal a District

Court order granting U.S. Bank, National Association ("U.S. Bank") summary judgment

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

and denying the Zimmers' cross-motion for summary judgment. For the following reasons, we will affirm the District Court's Order.

I.

We write solely for the parties and therefore recite only the facts necessary to our disposition. On June 9, 2005, the Zimmers applied for a loan to refinance a mortgage from Ameriquest Mortgage Company on their home in Pennsylvania. The loan was approved. The Zimmers executed a Note in favor of Ameriquest for $319,500. The mortgage was executed and recorded on June 15, 2005. On April 15, 2010, the Zimmers entered into a Loan Modification Agreement with Ameriquest. The Mortgage was subsequently assigned twice, but the Zimmers dispute whether these assignments were valid. U.S. Bank now claims it is the holder of the Note and Mortgage.

There is no dispute that the Zimmers failed to make their monthly mortgage payments on the Note and Mortgage. The Zimmers failed to make their August 1, 2010 monthly mortgage payment and failed to make every payment since.

U.S. Bank initiated this foreclosure action against the Zimmers on April 6, 2012. During discovery, Lawrence Zimmer and his attorney inspected the Note at the office of U.S. Bank's counsel. Mr. Zimmer denied that it was the same Note he signed in June 2005 and noted that the rubber-stamped indorsements on the Note were not dated. Mr. Zimmer stated that there was no indication as to when the indorsements were added to the Note. The Zimmers also obtained an expert report from Javier Tobaos, who opined that to be valid and validly assigned, the Note needed a complete chain of indorsements, which it was lacking.

2

U.S. Bank filed a motion for summary judgment, which the court denied on October 18, 2013. The court also extended discovery for 60 days. In May 2014, U.S. Bank filed a second motion for summary judgment, and the Zimmers filed a cross-motion for summary judgment. On January 30, 2015, the District Court issued a Memorandum and Order granting U.S. Bank's Motion for Summary Judgment and denying the Zimmers' cross-motion for summary judgment.

The District Court determined that the Zimmers failed to produce any affirmative evidence to support their argument that U.S. Bank did not possess the original Note, and therefore did not possess standing. The Court found that throughout the action, U.S. Bank produced the same Note and, therefore, denied the cross-motion for summary judgment. Regarding U.S. Bank's summary judgment motion, the District Court found there was no genuine issue of material fact because the Zimmers admitted they executed the mortgage of $319,500 in favor of Ameriquest, the Zimmers are record owners and the mortgage is in default, and the Zimmers have failed to make monthly payments on the loan due since August 1, 2010. The Zimmers filed a timely appeal.

II.[1]

Our review of a District Court's grant or denial of summary judgment is plenary, and we apply the same standard as the District Court. Pichler v. UNITE, 542 F.3d 380, 385 (3d Cir. 2008). It is appropriate to grant summary judgment when there is no genuine issue of material fact and the movant is entitled to judgement as a matter of law.

---

[1] The District Court had diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)(1), and we have appellate jurisdiction pursuant to 28 U.S.C. § 1291.

Fed. R. Civ. P. 56(a). "On cross-motions for summary judgment, the court construes facts and draws inferences in favor of the party against whom the motion under consideration is made." Pichler, 542 F.3d at 386 (quotations omitted).

## III.

The issue on appeal is whether there is a genuine issue of material fact that U.S. Bank does not hold the Note and, therefore, does not have standing to pursue this action. The Zimmers' arguments for reversing the District Court's determination for both the motion for summary judgment and cross-motion for summary judgment are essentially the same.

## A.

"In an action for mortgage foreclosure, the entry of summary judgment is proper if the mortgagors admit that the mortgage is in default, that they have failed to pay interest on the obligation, and that the recorded mortgage is in the specified amount." Cunningham v. McWilliams, 714 A.2d 1054, 1057 (Pa. Super. Ct. 1998). It is proper to grant summary judgment even when the mortgagors have not admitted their amount of indebtedness in the pleadings. Id.

A note securing a mortgage can be a negotiable instrument under the Pennsylvania Uniform Commercial Code ("PUCC"). See JP Morgan Chase Bank, N.A. v. Murray, 63 A.3d 1258, 1264-66 (Pa. Super. Ct. 2013) ("[W]e conclude that the Note secured by the Mortgage in the instant case is a negotiable instrument under the PUCC."). The Note in this matter is a negotiable instrument as defined by the PUCC because it is a promise to pay a fixed amount of money, with or without interest, that is "payable to bearer or to

4

order," "is payable on demand," and "does not state any other undertaking or instruction" to be payable. See 13 Pa. Cons. Stat. § 3104. Both parties agree that the present Note is a negotiable instrument under the PUCC.

A negotiable instrument can be assigned via an indorsement. Under the PUCC, an indorsement is "special" when it is made by the holder of an instrument, payable to an identified person or bearer. 13 Pa. Cons. Stat. § 3205(a). A blank indorsement is an indorsement made by the holder that is not a special indorsement. Id. § 3205(b). "When indorsed in blank, an instrument becomes payable to bearer and may be negotiated by transfer of possession alone until specially indorsed." Id. (emphasis added). The indorsement of the Note in this matter is blank. See Joint Appendix ("J.A.") at 618. Therefore, it can be negotiated by transfer alone. See 13 Pa. Cons. Stat. § 3205(b).

If a party establishes that it holds an original note that is indorsed in blank, "under the UCC it will be entitled to enforce the Note . . . , even if there remain questions as to the chain of possession of the Note from the time of its making to its arrival in Appellee's figurative hands." Murray, 63 A.3d at 1267.

## B.

The Zimmers primarily raise three arguments in support of their position that U.S. Bank lacked standing to pursue its action: (1) the Note is not valid because it was not properly dated, stamped, or notarized; (2) their expert Javier Taboas opined that the Note did not contain proper indorsements; and (3) U.S. Bank purportedly offered two different copies of the Note in summary judgment filings.

## 1.

5

The Zimmers argue that the Note is not valid because the blank indorsement is not dated or notarized. The Zimmers have offered no authority for the proposition that a blank indorsement must be dated or notarized. Indeed, the Pennsylvania Superior Court has rejected an identical challenge to a Note endorsed in blank on the grounds that it was not dated. See Bank of Am., N.A. v. Gibson, 102 A.3d 462, 466 (Pa. Super. Ct. 2014). The challenge to the validity of the Note appears to be based on Lawrence Zimmer's Declaration, which denies that the Note Mr. Zimmer viewed was "in fact" the original Note he signed. J.A. 340. In his declaration, he stated that because the rubber-stamped indorsements on the reverse of the Note were undated, there is no indication of when they may have been placed there. J.A. 340. It is unclear how Mr. Zimmer's statement calls into question the validity of the Note, or U.S. Bank's possession of it, because the presence of a date does not implicate the validity of a blank indorsement. These assertions do not raise a genuine issue of material fact.

To argue the Note is invalid, the Zimmers rely heavily on Murray, where the Pennsylvania Superior Court held that the trial court erred in granting summary judgment because there was a genuine dispute as to whether the bank possessed the original Note. See Murray, 63 A.3d at 1268. In Murray, the appellant claimed the bank only presented for inspection a copy of the Note, a "loose" allonge, and the original mortgage. Id. at 1266-67. The allonge allegedly included a blank indorsement of the Note. Id. The Bank never filed a record copy of the Note that included the allonge until after the trial court's entry of summary judgment, even though the Bank did file copies of the Note without the allonge with other filings. Id. The Murray court reversed the District Court's Order

6

granting summary judgment because there was a dispute of material fact about whether the Note produced for inspection was original and whether the loose allonge was original. Id. at 1268.

The District Court in this case properly distinguished the present matter because in Murray the bank attached copies of the Note without the loose allonge throughout the proceedings and only offered the allonge after summary judgment. In contrast, U.S. Bank has produced the same Note that contains the blank indorsement throughout the proceedings. Unlike Murray, there is no loose allonge or affirmative evidence here that the Note is not original. As a result, we reject the Zimmers' first argument.

2.

Next, the Zimmers argue that the District Court erred in not accepting the expert opinion of Javier Taboas. The District Court explained that Taboas only set forth opinions about whether the subsequent assignments of the Note were valid; he did not offer opinions on the originality of the Note. Although the Zimmers state that Taboas did offer an opinion on the originality of the Note, see J.A. 530, the documents Taboas stated he viewed did not include the original Note, see J.A. 525. The District Court therefore correctly determined Taboas' opinion did not concern the validity of the original Note but the validity of the subsequent assignments, which is not relevant here.

3.

Finally, the Zimmers argue that U.S. Bank has presented two different Notes to the Court — one with the indorsement and one without. The Zimmers make much of the fact that copies of the Note attached to the first summary judgment motion differ from the

7

copies of the Note attached to the second summary judgment motion because the latter is missing the indorsements on the reverse side of page three. Compare J.A. 619-21, with J.A. 615-18. U.S. Bank responds that its prior counsel inadvertently omitted the reverse side of page 3 in one of the filings. These copies of the Note are identical except for the missing copy of the reverse side of page three, where the indorsements appear. Despite the Zimmers' assertions, this is not material. The Zimmers had a chance to inspect the original Note and also received a copy of it before the second motion for summary judgment was filed. Indeed, Mr. Zimmer's declaration about inspecting the Note refers to the "rubber-stamped endorsement on the reverse of the Note." J.A. 340. Moreover, the Zimmers attached a copy of the Note with the indorsement on the reverse of page three to their cross-motion for summary judgment, filed after U.S. Bank's second motion for summary judgment. J.A. 255, 336-340. The Zimmers cannot now argue that U.S. Bank has submitted two different Notes to the Court when they have relied on the copy of the Note with the indorsements in their own motion. There is no genuine issue of material fact on this point.[2]

IV.

For the foregoing reasons, we will affirm the District Court's Order.

---

[2] Relying upon the above three arguments, the Zimmers argue that because U.S. Bank has not demonstrated that it has possession of the Note, a full examination of the chain of possession is required. We disagree. The District Court correctly held that there is no genuine issue of material fact that U.S. Bank did not possess the note. Because the Zimmers have not demonstrated that U.S. Bank did not possess the Note, we need not examine the chain of possession. See Murray, 63 A.3d at 1266.

8