J-A26002-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| US BANK NATIONAL ASSOCIATION AS SUCCESSOR TRUSTEE TO BANK OF AMERICA N.A. AS SUCCESSOR TO LASALLE BANK N.A. AS TRUSTEE FOR THE STRUCTURED ASSET INVESTMENT LOAN TRUST, MORTGAGE PASS THROUGH CERTIFICATES, SERIES 2003-BC8 | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | |
| DEBRA CATALDO | |
| Appellant | No. 1571 WDA 2015 |

Appeal from the Order Entered September 21, 2015
in the Court of Common Pleas of Allegheny County
Civil Division at No(s): MG-12-483

BEFORE:  BENDER, P.J.E., RANSOM, J., and MUSMANNO, J.

MEMORANDUM BY RANSOM, J.:                    FILED NOVEMBER 08, 2016

In this mortgage foreclosure action, the trial court entered summary judgment in favor of the mortgage holder, Appellee, U.S. Bank, National Association as Successor Trustee to Bank of America, N.A. as Successor Trustee to LaSalle Bank, N.A., as Trustee for the Structured Asset Investment Loan Trust, Mortgage Pass Through Certificates, Series 2003-BC8 (U.S. Bank).  Debra Cataldo, Appellant and mortgagor, appeals from that order, arguing that disputed, genuine issues of material fact exist regarding US Bank's standing to bring suit, and the provenance of the note offered against her.  We affirm.

The trial court outlined the relevant procedural and factual history as follows:

> In 2003[, Appellant] executed a mortgage and note related to property known as 632 Penny Drive located within Allegheny County.[1] The mortgage and note were recorded in the Allegheny County Recorder of Deeds and [Appellant] concedes that they are valid. In [2008, Appellant] executed a loan modification agreement. [Appellant] has not made a payment on this mortgage since August[] 2011. After sending appropriate notices of default required by law, [Appellee] filed the present Complaint in Mortgage Foreclosure on March 7, 2012.
>
> On October 28, 2013[, Appellee] filed the first Motion for Summary Judgment. The parties filed responses and Supplemental Motions and Briefs. The first Motion for Summary Judgment was argued before [the court] on April 17, 2014. The Motion was denied. The only issue raised at that time was whether [the Appellee] had the original [n]ote in its possession. Questions of fact were raised concerning the Allonge endorsed to "bearer" and certain notations made on the note.[2] []
>
> [Appellee] filed a Second Motion for Summary Judgment on April 7, 2015.[3] A response was filed and Briefs filed by both

---

[1] The mortgage holder on the document and note is IMPAC Funding Corporation DBA Novelle Financial Services. *See* Appellant's Answer and New Matter Pleading, 4/9/12, at paragraphs 3, 5. The mortgage was thereafter assigned to U.S. Bank. Plaintiff's Reply to Defendant's New Matter, Ex. A ("Assignment of Mortgage").

[2] Specifically, Appellant took issue with the slight differentiation of barcodes or lack thereof on copies of the mortgage and Allonge. Appellant's Brief at 1-3. Appellant asserted that these discrepancies raised questions of fact regarding whether U.S. Bank was a holder in due course of the original documents and thereby had the standing to initiate the foreclosure. *Id.*

[3] After the argument on the first motion for summary judgment, Appellee offered an additional affidavit explaining that the different prefixes and digits in the barcodes on the note and Allonge were a reflection of the business records of U.S. Bank and the discrepancies therein indicated whether the document was an image of a copy of the original or an image of the original
*(Footnote Continued Next Page)*

J-A26002-16

parties. After argument on September 16, 2015, the Motion for Summary Judgment was granted on October 9, 2015 and judgment entered in favor of [Appellee] in amount of $85,453.43.[4] A timely appeal followed.

Trial Court Opinion, 12/29/15, at 1-2.

Appellant presents the following question for our review:

1. Whether the [c]ourt's decision to grant summary judgment violated the *Nanty-Glo Rule*.

Appellant's Brief at 2.

We review an order granting summary judgment for an abuse of discretion. *Indalex, Inc. v. Nat'l Union Fire Ins. Co. of Pittsburgh, PA*, 83 A.3d 418, 420 (Pa. Super. 2013). Our standard of review is plenary, and we view the record in the light most favorable to the nonmoving party. *Id*. A party bearing the burden of proof at trial is entitled to summary judgment "whenever there is no genuine issue of any material fact as to a necessary element of the cause of action or defense which could be established by additional discovery or expert report[.]" Pa.R.C.P. 1035.2(1). In response to a summary judgment motion, the nonmoving party cannot rest upon the

*(Footnote Continued)* ————————————

itself. Second Motion for Summary Judgment, Ex. 5 ("Plaintiff's Affidavit in Support of Its Summary Judgment Motion") Through this explanation, Appellee also established it possessed the original document. *Id*.

[4] We note that the initial summary judgment order by the trial court was dated by hand for June 18, 2015, although it was stamped filed by the Clerk of Court on September 21, 2015. *See* Order 9/21/15, ("September 21, 2015 Order"). On October 8, 2015, the trial court vacated the September 21, 2015 Order and again entered summary judgment in favor of Appellee. *See* Order of Court, 10/8/15.

- 3 -

pleadings, but rather must set forth specific facts demonstrating a genuine issue of material fact. Pa.R.C.P. 1035.3.

Under the Pennsylvania Uniform Commercial Code, the note securing a mortgage is a negotiable instrument. *J.P. Morgan Chase Bank, N.A. v. Murray*, 63 A.3d 1258 (Pa. Super. 2013). Enforcement is proper even if questions remain as to the chain of possession, and questions as to that chain are immaterial to its enforceability so long as the holder can prove it holds said note. *Id.* A note endorsed in blank is a "bearer note," payable to anyone on demand regardless of who previously held the note. 13 Pa.C.S.A. §§ 3109(a), 3301.

The holder of a mortgage has the right, upon default, to bring a foreclosure action. *Cunningham v. McWilliams*, 714 A.2d 1054, 1056–57 (Pa. Super. 1998). The holder of a mortgage is entitled to summary judgment if the mortgagor admits that the mortgage is in default, the mortgagor has failed to pay on the obligation, and the recorded mortgage is in the specified amount. *Id.*

Appellant argues the entry of summary judgment violated the rule of *Nanty–Glo v. American Surety Co.*, 163 A. 523 (Pa. 1932), because the trial court relied on an affidavit to address discrepancies in the note and reproduced copies. We disagree. The *Nanty–Glo* rule:

> prohibits summary judgment where the moving party relies exclusively on oral testimony, either through testimonial affidavits or deposition testimony, to establish the absence of a genuine issue of material fact except where the moving party

- 4 -

> supports the motion by using admissions of the opposing party or the opposing party's own witness.

*Lineberger v. Wyeth*, 894 A.2d 141, 149 (Pa. Super. 2006) (citing *First Philson Bank, N.A. v. Hartford Fire Ins. Co.*, 727 A.2d 584, 587 (Pa. Super. 1999), *appeal denied*, 747 A.2d 901 (Pa. 1999)).

In the instant case, Appellant admits the existence of the mortgage in a specific amount (and at a specific rate of interest) that was recorded in the Allegheny County Recorder of Deeds. Appellant's Answer and New Matter Pleading, 4/9/12, at paragraphs 3, 5. Appellant also admitted that she has defaulted on the payments due under the mortgage and has failed to pay interest on the obligation. *Id*.

The affidavit presented by U.S. Bank, the moving party, utilized admissions of Appellant and established the absence of a genuine issue of material fact by addressing the manner in which the barcodes applied to the original mortgage as well as each copy furnished. *See* Plaintiff's Affidavit in Support of Its Summary Judgment Motion.

The record in this case shows that U.S. Bank holds a bearer note and, therefore, the mortgage. Enforcement of the note is proper even if questions remain as to the chain of possession. *J.P. Morgan Chase Bank, N.A.*, 63 A.3d 1258. Appellant failed to put forth any evidence or legal authority to the contrary. Thus, the trial court was in compliance with the *Nanty–Glo* rule and acted correctly in granting summary judgment in favor

of Appellee, since no material fact remained in issue as to any element in the mortgage foreclosure action. **See Cunningham**, 714 A.2d 1054, 1057.

Judgment affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 11/8/2016