J-A08035-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| THE BANK OF NEW YORK MELLON | : | IN THE SUPERIOR COURT OF |
|---|---|---|
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| MIRIAM PRYOR | : | |
| | : | |
| Appellant | : | No. 2610 EDA 2015 |

Appeal from the Order Dated July 15, 2015
In the Court of Common Pleas of Montgomery County
Civil Division at No(s): 2014 08760

BEFORE: PANELLA, LAZARUS, JJ., and STEVENS, P.J.E.[*]

MEMORANDUM BY STEVENS, P.J.E.: **FILED April 25, 2017**

In this mortgage foreclosure action, Miriam Pryor ("Appellant") appeals *pro se* from the July 15, 2015, order granting the Bank of New York Mellon's ("Appellee") motion for summary judgment, awarding its judgment *in rem* for $655,218.18, plus interest and costs, and dismissing with prejudice Appellant's counterclaim. We affirm.

The relevant facts and procedural history are as follows: On February 23, 2007, Appellant executed a mortgage and promissory note for $315,000.00 to Madison Equity Corporation, for real property located at 1360 Horseshoe Drive, Blue Bell, Pennsylvania. On March 26, 2007, the mortgage was duly recorded, and on May 21, 2008, the mortgage was

_____

[*] Former Justice specially assigned to the Superior Court.

transferred to Madison Equity Corporation. On December 12, 2008, the mortgage was transferred to Appellee.

On April 21, 2014, Appellee commenced the instant action by filing a complaint in mortgage foreclosure averring that payments had not been received for November 2007 and all payments thereafter. Thus, as of April 7, 2014, the amount due, including interest, fees, and legal costs, totaled $620,263.03. Appellee sought a judgment *in rem* for foreclosure of the mortgage property in the stated amount.

On July 7, 2014, Appellant filed a *pro se* answer, new matter, and counterclaim raising allegations of predatory lending, use of an exorbitant interest rate, fraud in the inducement, and bad faith. Among other things, Appellant sought counsel fees pursuant to 42 Pa.C.S.A. § 2503, as well as monetary damages.

On July 25, 2014, Appellee filed preliminary objections to Appellant's counterclaim alleging that Appellant's counterclaim did not present claims pertaining to the "creation" of the mortgage, and thus, it should be stricken under Pa.R.C.P. 1148. Alternatively, Appellee alleged the counterclaim should be stricken since the foreclosure action is strictly *in rem* and Appellant's claim for monetary damages was improper.

Appellant filed a *pro se* answer to Appellee's preliminary objections. Therein, Appellant alleged that her claim of fraud in the inducement pertained to the creation of the mortgage. She also sought an "award of

damages...for the necessity of defending the frivolous preliminary objections in...an amount equal to reasonable attorney's fess as if [Appellant] was an attorney." Appellant's Answer to Appellee's Preliminary Objections, filed 8/21/14.

By order filed on November 10, 2014, the trial court denied Appellee's preliminary objections and denied Appellant's request for attorney's fees in defending the preliminary objections. Thereafter, on November 25, 2014, Appellee filed a reply to Appellant's counterclaim, noting therein that Appellant admitted in her answer and new matter that she was in default of the mortgage and living in the subject property without paying the mortgage, taxes, or insurance since November 2007.

On May 7, 2015, Appellee filed a motion for summary judgment, along with a supporting brief, averring that Appellant's chronic failure/refusal to make payments constituted a default of the mortgage. Appellee attached to its motion the pre-foreclosure notice of intention to foreclose and the Homeowner's Emergency Mortgage Assistance forms, which were sent to Appellant. Appellee averred that Appellant failed to cure the default, and her responsive filings in the within matter were dilatory and designed solely to delay. Moreover, Appellee argued that, under Pennsylvania law, it was permitted to seek attorney's fees at five percent of the principal balance of the delinquent mortgage loan. Simply put, Appellee argued that Appellant had no viable defenses to the action, and Appellant's counterclaim was

inappropriate in this *in rem* matter. Accordingly, Appellee argued that there are no genuine issues of material fact and it is entitled to judgment as a matter of law.

On June 4, 2015, Appellant filed a *pro se* response, along with a supporting memorandum, to Appellee's motion for summary judgment. Therein, she averred generally that there was a genuine issue of material fact as to whether "the obligation to make monthly mortgage payments was the product of fraud which included fraud in the inducement and predatory lending[.]" Appellant's Response to Summary Judgment Motion, filed 6/4/15, at 1. She alleged that there was a genuine issue of material fact as to whether "her inability to make payments on the highly inflated interest and principal as a result of the fraud in [the] inducement and predatory lending on the part of [Appellee's] predecessor...renders the allegation of default false[.]" ***Id.*** at 2. Additionally, Appellant averred there was a genuine issue of material fact as to whether the misrepresentations made by Appellee's predecessor, and the high interest rate on the mortgage, "doomed" Appellant "to fail based upon her income." ***Id.*** at 3. Appellant argued that there was a genuine issue of material fact as to whether Appellee was not entitled to attorney's fees as it had acted in bad faith in instituting the mortgage foreclosure action as "a result of fraudulent and predatory lending[.]" ***Id.*** at 5.

By order entered on July 15, 2015, the trial court granted Appellee's motion for summary judgment and decreed that judgment was entered in favor of Appellee in the amount of $655,218.18, plus interest. The trial court noted that "any additional recoverable costs and charges collectible under the subject mortgage [ ] shall also be added to this judgment." Trial Court's Order, filed 7/15/15. The trial court dismissed Appellant's counterclaim with prejudice.

On August 14, 2015, Appellant filed a timely, *pro se* notice of appeal, and on August 20, 2015, Appellee filed a praecipe for the entry of judgment in the amount of $673,596.84, which included the summary judgment amount of $655,218.18, and accrued interest from February 12, 2015, to August 17, 2015, in the amount of $18,378.66. The trial court did not direct Appellant to file a Pa.R.A.P. 1925(b) statement, and consequently, no such statement was filed. On September 3, 2015, the trial court filed an opinion in support of its July 15, 2015, order.

Appellants presents the following issue sole issue, which we set forth verbatim:

1. Did the Learned Trial Judge abuse her discretion and commit error by granting the Motion for Summary Judgment filed by [Appellee] when there were genuine issues of material fact concerning fraud in the inducement[?]

Appellant's Brief at 3.

On appeal, Appellant contends the trial court erred in entering summary judgment in favor of Appellee as there were genuine issues of

material fact concerning fraud in the inducement. To this end, Appellant contends there is evidence she was "fraudulently induced into entering [the] mortgage loan with [Appellee's] predecessor in interest," including fraudulent misrepresentations made by the lender regarding Appellant's ability to repay. Appellant's Brief at 5. She further argues that the trial court erred in entering an order granting summary judgment where discovery was not complete and where, if given more time, she could have demonstrated there was a genuine issue of material fact as to her defense as asserted in her counterclaim. Specifically, she claims that additional discovery would have shown the "identity of the individual(s) who made the false statements and induced [Appellant] to sign a mortgage for $315,000.00[.]" *Id.* at 10.

Initially, we note we review a challenge to the entry of summary judgment as follows:

> [We] may disturb the order of the trial court only where it is established that the court committed an error of law or abused its discretion. As with all questions of law, our review is plenary.
>
> In evaluating the trial court's decision to enter summary judgment, we focus on the legal standard articulated in the summary judgment rule. *See* Pa.R.C.P., Rule 1035.2. The rule states that where there is no genuine issue of material fact and the moving party is entitled to relief as a matter of law, summary judgment may be entered. Where the nonmoving party bears the burden of proof on an issue, he may not merely rely on his pleadings or answers in order to survive summary judgment. Failure of a non-moving party to adduce sufficient evidence on an issue essential to his case and on which he bears the burden of proof establishes the entitlement of the moving party to judgment as a matter of law. Lastly, we will review the record in the light most favorable to the nonmoving party, and

all doubts as to the existence of a genuine issue of material fact must be resolved against the moving party.

***E.R. Linde Const. Corp. v. Goodwin***, 68 A.3d 346, 349 (Pa.Super. 2013) (quotation omitted).

The holder of a mortgage has the right, upon default, to bring a foreclosure action. ***Cunningham v. McWilliams***, 714 A.2d 1054, 1056–57 (Pa.Super. 1998). The holder of a mortgage is entitled to summary judgment if the mortgagor admits that the mortgage is in default, the mortgagor has failed to pay on the obligation, and the recorded mortgage is in the specified amount. ***Id. See Gateway Towers Condominium Ass'n v. Krohn***, 845 A.2d 855, 858 (Pa.Super. 2004) (holding a trial court properly grants summary judgment in a mortgage foreclosure action "where the defendant[/mortgagor] admits that he [ ] failed to make the payments due and fails to sustain a cognizable defense to the plaintiff's claim") (citation omitted)).

In finding there was no genuine issue of material fact, and Appellee was entitled to judgment as a matter of law, the trial court set forth the following analysis in its opinion:

> In her Answer to [Appellee's] Complaint in Mortgage Foreclosure, [Appellant] conceded that "the mortgage payments have not been made for a considerable [ ] period of time." ***See*** Answer, New Matter and Counterclaim to Complaint for Mortgage Foreclosure. Specifically, the printed payment history of the loan demonstrates that [Appellant] has not paid her mortgage for over **SEVEN YEARS**. It was th[e] [trial] court's conclusion that [Appellee] proved its damages through the Affidavit in

- 7 -

Support of [Appellee's] Motion for Summary Judgment and the payoff calculation related to the loan.

Trial Court Opinion, filed 9/3/15, at 3 (emphasis in original).

On appeal, Appellant does not dispute that Appellee demonstrated the requisite elements set forth in **Cunningham**, **supra**. Rather, she contends that the trial court erred in entering an order granting summary judgment where the parties were still engaged in discovery and where, if given more time, she could have demonstrated there was a genuine issue of material fact concerning her defense of fraud in the inducement as asserted in her counterclaim. In rejecting this claim, the trial court indicated the following:

> In her Answer to Motion for Summary Judgment, [Appellant] included an Affidavit in which she again maintained that she was induced to sign the mortgage by [Appellee's] predecessor in interest. She then claimed she has not been able to engage in discovery but also alleged she requires a significant amount of documentation to prove [Appellee's] [alleged] scheme and predatory lending practices.
>
> Counterclaims in mortgage foreclosure actions are only permissible if they arise from the same transaction from which the plaintiff's cause of action arose. Pa.R.C.P. 1148; **Green Tree Consumer Discount Co. v. Newton**, 909 A.2d 811, 814 (Pa.Super. 2006). Fraud in the inducement[1] is a recognizable

---

[1] The elements of fraud in the inducement are as follows:
   (1) a representation; (2) which is material to the transaction at hand; (3) made falsely, with knowledge of its falsity or recklessness as to whether it is true or false; (4) with the intent of misleading another into relying on it; (5) justifiable reliance on the misrepresentation; and (6) the resulting injury was proximately caused by the reliance.
**Eigen v. Textron Lycoming Reciprocating Engine Div.**, 874 A.2d 1179, 1185 (Pa.Super. 2005) (quotation marks and quotation omitted).
*(Footnote Continued Next Page)*

counterclaim, [in a foreclosure action provided it alleges fraud that is part of or incident to the creation of the mortgage itself]. **Cunningham**, [**supra**]. However, a defendant bears the burden of proving [her] counterclaim. A court may determine there are no genuine issues of material fact (and consequently grant a motion for summary judgment) when a defendant does not meet [her] burden of defending against the allegations alleged by plaintiff or move forward by proving [her] counterclaim.

On December 24, 2014, [Appellee] served [Appellant] with discovery requests consisting of Requests for Admissions, Interrogatories, and Request for Production of Documents. [Appellant] failed to respond to both the Interrogatories and Request for Production of Documents. **See** [Appellee's] Exhibit 10 to [Appellee's] Motion for Summary Judgment. Since there was no response by [Appellant], [Appellee] (and the court) could only conclude that there is no evidence in existence to support the averments in [Appellant's] pleadings. Moreover, [Appellant] did absolutely nothing to secure and produce evidence of the allegations contained within her counterclaim since the [trial court] ruled upon [Appellee's] preliminary objections and allowed [Appellant's] counterclaim to move forward. In her answer to [Appellee's] Motion for Summary Judgment, [Appellant] now alleges she "intends to promulgate interrogatories and request for production of documents to [Appellee]," almost *one year* after the [trial court] ruled on [Appellee's] preliminary objections and allowed [Appellant's] counterclaim to move forward. Instead of attempting to prove her claims by engaging in discovery, [Appellant] continues to file rote allegations against [Appellee]. After living in a house rent-free for over seven years, it is evident that [Appellant] has absolutely no motivation to move this case forward. It is [the trial court's] belief that [Appellee's] Affidavit, the payment history of the loan, and [Appellant's] discovery responses demonstrate not only a lack of genuine issue of material fact but also [Appellant's] lack of evidence to support her averments. [Appellant] provided no demonstrative evidence to contradict that which was submitted by [Appellee].

_(Footnote Continued)_ ⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯

Trial Court Opinion, filed 9/3/15, at 3-4 (citations omitted) (emphasis in original) (footnote added).

We find no error in this regard. Assuming, *arguendo*, Appellant is correct that the trial court granted summary judgment prior to the formal close of discovery, this was not error. Pa.R.C.P. 1035.2 provides that a party may move for summary judgment at any time whenever there is no genuine issue of material fact as to a necessary element of the cause of action or defense which could be established by additional discovery, or after the completion of discovery relevant to the motion.

As the trial court noted, with regard to discovery, Appellant had ample time to engage in discovery relevant to the case, defenses, and issues. Moreover, aside from bald assertions, Appellant makes no meaningful argument as to the materiality of the information sought.

Appellant lived rent free by refusing to make the mortgage payments for over seven years. Clearly, the trial court did not abuse its discretion in granting summary judgment in favor of Appellee despite the fact that discovery had not closed. ***See***, ***e.g.***, ***Reeves v. Middletown Athletic Ass'n***, 866 A.2d 1115 (Pa.Super. 2004) (indicating that a motion for summary judgment was not premature where the opposing party had ample time to conduct discovery, failed to do so, and did not demonstrate additional discovery would reveal material information).

Affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>4/25/2017</u>