J-A30019-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| KEITH MILLER AS EXECUTOR OF ESTATE OF ANNE IFERT | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| JAMES A. PECSI, THERESA A. PECSI, AND UNITED STATES C/O UNITED STATES ATTORNEY'S OFFICE | : | No. 1010 EDA 2025 |
| | : | |
| APPEAL OF: THERESA PECSI | : | |

Appeal from the Order Entered March 11, 2025
In the Court of Common Pleas of Montgomery County
Civil Division at No(s):  2021-13667

BEFORE:  LAZARUS, P.J., PANELLA, P.J.E., and SULLIVAN, J.

MEMORANDUM BY PANELLA, P.J.E.:                **FILED FEBRUARY 12, 2026**

Theresa A. Pescsi ("Appellant") appeals from the order entering judgment against James A. Pesci and Appellant (collectively "Defendants")[1, 2] and in favor of Keith Miller, as executor of the estate of Anne Ifert ("Appellee"),

---

[1] United States c/o United States Attorney's office is listed as a defendant pursuant to 28 U.S.C. §2410 because on July 7, 2007, the United States Internal Revenue Service ("IRS") filed a IRS federal lien in the amount of $173,141.78, naming Defendants as defendants in the Court of Common Pleas of Montgomery County, Pennsylvania, Docket Number 2007-15924. The IRS Federal Lien is subordinate to the Mortgage, which was recorded first.

[2] While James A. Pesci is listed as a defendant, it appears from our review of the record that James A. Pesci is believed to have been deceased since approximately 2017. **See** Complaint, 6/21/21, at ¶ 2. Accordingly, all filings relevant to the instant action, including the instant appeal, were filed by counsel for Appellant only.

in the amount of $220,119.25. The judgment is related to a $92,000 mortgage dated June 22, 2001 between Defendants, as mortgagors, and Anne B. Ifert and Progeny, a Limited Partnership, as mortgagee (referred to as "Plaintiff" in citations from the record).[3] After careful review, we affirm.

On June 21, 2021, Appellee filed a Complaint in Mortgage Foreclosure, seeking judgment in the amount of $200,887.04, which included the principal balance plus interest.

On September 20, 2022, Appellant filed an answer, new matter, and counterclaim. In the answer, Appellant stated the mortgage is not in default and has been paid and satisfied. *See* Answer, New Matter, and Counterclaim, 9/20/22, at ¶ 6. In the new matter, Appellant asserted, without further explanation, that the complaint must be dismissed on the basis of accord and satisfaction, payment, and the applicable statute of limitations. *See id.* at ¶¶ 9-11. The counterclaim was based on a transaction that occurred on October 5, 2001, when Appellant alleges Defendants paid $913,350 to settle a $660,000 debt they owed to Plaintiff. *See id.* at ¶ 15. Relevantly, Paragraph 15 of the counterclaim described that transaction as follows:

---

[3] In the complaint, Appellee notes that "[i]n 2015 all of the limited partners of the Partnership withdrew from the Partnership and consented to have Anne B. Ifert, as the general partner, wrap up the affairs of the Partnership and to distrib[u]te all of the assets of the Partnership to Anne B. Ifert, individually. Anne B. Ifert died on October 1, 2019. On June 21, 2021 Keith E. Miller was appointed Executor of the Estate of Anne B. Ifert at Register of Wills at Montgomery County, Pennsylvania File Number 46-2021-X2649."

15. On October 5, 2001, the Defendants paid to the Plaintiff the sum of Nine Hundred Thirteen Thousand Three Hundred Fifty Dollars ($913,350.00) at a time when the Defendant[s] owed to the Plaintiff the sum of Six Hundred Sixty Thousand Dollars ($660,000.00) leaving a balance of Two Hundred Fifty Three Thousand Three Hundred Fifty Dollars ($253,350.00) paid to the Plaintiff which the Plaintiff kept, which paid off the subject Mortgage and left a balance which the Plaintiff owed to the Defendant[s], as of October 5, 2001, the sum of One Hundred Fifty-seven Thousand Eight Hundred Fifty-Four Dollars ($157,854.00), being the sum of Two Hundred Fifty-three Thousand Three Hundred Fifty Dollars ($253,350.00) minus Ninety-five Thousand Four Hundred Ninety-six Dollars ($95,496.00).

*Id.* Accordingly, in addition to paying off the $660,000 debt, Appellant asserted the $913,350 payment paid off the subject mortgage, in the amount of $253,350, leaving a balance owing to Defendants of $157,854. ***See id.*** Appellant alleged Plaintiff failed to repay the $157,854. ***See id.*** at ¶ 16.

On October 7, 2022, Appellee filed preliminary objections, arguing the answer, new matter, and counterclaim, as far as it is based on the October 5, 2001 transaction, is legally deficient, beyond the statute of limitations, and lacks sufficient specificity. The court subsequently overruled the preliminary objections. Appellee thereafter filed an answer to the new matter and counterclaim, asserting the new matter and counterclaim are improper pursuant to Pa.R.C.P. 1148.

On March 2, 2023, Appellee filed a motion for judgment on the pleadings regarding paragraph 15 of the counterclaim. Appellee argued paragraph 15, regarding the October 5, 2001 transaction, was improper because it refers to a transaction not arising out of the creation of the mortgage, and therefore is

unable to be asserted in accordance with Pa.R.C.P. 1148. *See* Motion for Judgment on the Pleadings, 3/2/23, at ¶¶ 6-7 (citing *Chrysler First Bus. Credit Corp. v. Gourniak*, 601 A.2d 338, 340 (Pa. Super. 1992); *Cunningham v. McWilliams*, 714 A.2d 1054, 1057 (Pa. Super. 1998)). Appellee similarly argued that Paragraphs 9 and 10 of the new matter, in which Appellant asserted there was an accord and satisfaction of the mortgage and that payment has been made, are based on the assertions set forth in the counterclaim, and therefore are prohibited as a violation of Pa.R.C.P. 1148. *See id.* at ¶¶ 9-10 (again citing to *Chrysler* and *Cunningham*). Following a hearing, the court denied the motion.

Appellee filed a motion for reconsideration. Appellant filed an answer to the motion for reconsideration, attaching as an exhibit a copy of a November 25, 2008 letter from Carl Ifert to Alan Dubroff, Esquire, which Appellant claimed proves the subject mortgage was paid. In a reply, Appellee argued the letter could not support any averment in paragraph 15 of the counterclaim, because the letter refers to a transaction between National Millwrights and Textron, and refers to moneys owed by Jim Pesci to Karl Ifert for various unrelated matters. Appellee noted that nothing in the letter referred to a debt owed by Defendants to Plaintiff, as alleged in Paragraph 15 of the counterclaim, and further that neither National Millwrights nor Karl Ifert are parties in this suit. Finally, Appellee emphasized that even if the averment referred to Plaintiff, it would still involve a separate transaction that is not part

of the mortgage transaction, in violation of Pa.R.C.P. 1148. The court subsequently denied the motion for reconsideration. Appellee thereafter raised the same assertions in a motion for summary judgment, which was denied in June 2024.

On September 5, 2024, Appellee filed a motion in limine to preclude any testimony or evidence of the October 5, 2001 transaction, pursuant to Pa.R.C.P. 1148. Appellant filed an answer in opposition, in which she reiterated the position that Paragraph 15 "speaks for itself" to show that Defendants overpaid the Plaintiff by $253,350, which paid off the subject mortgage and left the Plaintiff owing Defendants $157,854.00. Answer, 11/5/24, at ¶ 6, 8. Appellant asserted the November 25, 2008 letter was sufficient to prove the subject mortgage was paid because it is a "written document by Carl Ifert, the husband of Anne B. Ifert, who controlled and ran all of her finances." *Id.* at ¶ 7.

On November 21, 2024, following oral argument, the trial court granted Appellee's motion in limine, thereby precluding any mention of the $913,350 transaction and the fact that the mortgage allegedly was paid. The court specifically found that the $913,350 payment was "separate from and unrelated to the creation of the mortgage agreement." Order, 11/21/24, at FN1.

On December 13, 2024, following a pre-trial conference, the trial court took Appellant's oral motion for reconsideration/clarification of the court's

November 21, 2024 order under advisement. In a response, Appellee noted that preclusion under Rule 1148 also applies to affirmative defenses that are restatements or continuation of the counterclaims. On January 7, 2025, following consideration of Appellee's response, the court denied the motion, and struck Appellant's counterclaim and affirmative defenses relating to the $913,350 transaction.

On February 3, 2025, Appellee filed a motion in limine to have judgment entered in Appellee's favor, since defense counsel had indicated the only evidence he intended to introduce at trial was the evidence precluded by the November 21, 2024 and January 7, 2025 orders. On March 11, 2025, the date scheduled for trial, the court granted the motion in limine and entered judgment in favor of Appellee for $220,119.55 with interest.

On March 20, 2025, Appellant filed a motion for a new trial, arguing that the trial court erred by entering judgment against Defendants because the court "did not permit [Appellant] to present any evidence at a trial which would prove that the subject mortgage had been paid." Motion for New Trial, 3/20/25, at ¶ 1. Appellant took issue with the court's grant of both the motion in limine to preclude the introduction of evidence and the motion in limine to enter judgment, as well as the court's dismissal of Appellant's counterclaim. In an answer, Appellee argued Appellant admitted to the validity of the note and mortgage, and that the trial court properly precluded evidence of the unrelated transaction and struck Appellant's affirmative defenses under Rule

1148. Accordingly, Appellant was left with no evidence to offer at trial. On April 4, 2025, the trial court denied Appellant's motion for a new trial. This timely appeal followed.

Appellant raises the following issues on appeal:

1. Did the [trial court] commit an error of law and an abuse of its discretion granting [Appellee]'s motions in limine to enter judgment in favor of [Appellee] and to preclude [Appellant] to introduce evidence which proves that the subject was paid in 2001 at trial, because [Appellant] in her answer to the complaint averred that the mortgage was fully paid and not in default?

2. Was it reversible error for the [trial c]ourt to enter judgment against [Appellant] without permitting [Appellant] to present evidence which demonstrates that the mortgage was paid in full on October 5, 2001 as acknowledged by the Mortgagee and to prove that the mortgage was overpaid in the sum of $157,854.00[], with such conduct occurring at about the same time as the parties negotiated the subject mortgage transaction.

Appellant's Brief, at 3 (suggested answers and unnecessary capitalization omitted).

Our standard of review of a trial court's order granting summary judgment is well established.

We may reverse if there has been an error of law or an abuse of discretion. Our standard of review is *de novo*, and our scope plenary. We must view the record in the light most favorable to the nonmoving party and all doubts as to the existence of a genuine issue of material fact must be resolved against the moving party.

Furthermore, in evaluating the trial court's decision to enter summary judgment, we focus on the legal standard articulated in the summary judgment rule. *See* Pa.R.C.P. 1035.2. The rule states that where there is no genuine issue of material fact and the moving party is entitled to relief as a matter of law, summary judgment may be entered. Where the nonmoving party bears the

burden of proof on an issue, he may not merely rely on his pleadings or answers in order to survive summary judgment. Failure of a non-moving party to adduce sufficient evidence on an issue essential to his case and on which he bears the burden of proof establishes the entitlement of the moving party to judgment as a matter of law.

**Gubbiotti v. Santey**, 52 A.3d 272, 273 (Pa. Super. 2012) (brackets and case citations omitted).

Appellant's claims both implicate the trial court's decision to grant Appellee's motion in limine to exclude evidence of the October 5, 2001 transaction, thereby preventing her from raising both her affirmative defenses and counterclaim at a trial. This Court generally reviews a trial court's decision to grant or deny a motion in limine subject to an evidentiary abuse of discretion standard of review. **See Frazer v. McEntire**, 265 A.3d 777, 783 (Pa. Super. 2021).

Rules of Civil Procedure 1141 to 1150 govern mortgage foreclosure actions in Pennsylvania. Rule 1141(a) provides that a mortgage foreclosure action "shall not include an action to enforce a personal liability." Pa.R.Civ.P. 1141(a). This restriction is equally applicable to a mortgagee and a mortgagor. **See Newtown Village Partnership v. Kimmel**, 621 A.2d 1036, 1037 (Pa. Super. 1993). As this Court has explained:

Mortgage foreclosure in Pennsylvania is strictly an *in rem* or "*de terries*" proceeding. Its purpose is solely to effect a judicial sale of the mortgaged property. The holder of a mortgage note can decide whether to file a foreclosure action or to file an *in personam* assumpsit action on the note, but the actions are not usually combined.

Rule of Civil Procedure 1148, which governs which counterclaims are permissible in a mortgage foreclosure action, states:

A defendant may plead a counterclaim which arises from the same transaction or occurrence or series of transactions or occurrences from which the plaintiff's cause of action arose.

We have held that this rule is to be interpreted narrowly, and only counterclaims that are part of or incident to the creation of the mortgage relationship itself are to be permitted. **Cunningham**[], 714 A.2d [at] 1057 []. Therefore, Rule 1148 does not permit a counterclaim arising from a contract related to the mortgage, such as a contract for sale of real property. Nor does it permit counterclaims where the facts giving rise to the counterclaims occur after the creation of the mortgage and after the mortgagors were in default.

Thus, in Pennsylvania, the scope of a foreclosure action is limited to the subject of the foreclosure, *i.e.*, disposition of property subject to any affirmative defenses to foreclosure or counterclaims arising from the execution of the instrument(s) memorializing the debt and the security interest in the mortgaged property. While Rule 1148 does not govern affirmative defenses listed as New Matter, such defenses must be more than a restatement or continuation of an impermissible counterclaim. **Chrysler** [], 601 A.2d [at] 342 [].

**Nicholas v. Hofmann**, 158 A.3d 675, 697 (Pa. Super. 2017) (some citations and quotation marks omitted).

Here, Appellee filed to foreclose on a mortgage. Appellant filed affirmative defenses and a counterclaim to recoup an alleged overpayment, based entirely on the October 5, 2001 transaction. Appellant believes a November 25, 2008 letter fully supports the validity of the October 5, 2001 transaction.

Any permissible counterclaim by Appellant must have been based upon the mortgage documents and their execution, not a subsequent transaction.

*See id.* at 698. The October 5, 2001 transaction occurred months after creation of the mortgage; it does not involve the same parties as the mortgage, does not mention the mortgage, and does not affect the legitimacy of the mortgage.[4] *See contra Provident National Bank v. Eckhardt*, 12 Pa.D. & C.3d 243 (1979) (court of common pleas finding a loan agreement was part of a mortgage agreement where each agreement referred to the other, and both were incorporated into a single demand for payment addressed to the named defendants).[5] Therefore, the separate transaction "could in no way be considered 'part of or incident to the creation of the mortgage relationship itself.'" *Id.* (citing *Cunningham*, 714 A.2d at 1057). As a result, the trial court did not abuse its discretion in striking this counterclaim.

In addition to striking Appellant's counterclaim, the trial court struck Appellant's affirmative defenses of accord and satisfaction, payment, and the applicable statute of limitations, based on the requirements of Rule 1148. It

---

[4] We note, the November 25, 2008 letter is hardly proof of anything, as it is arguably indecipherable, mentioning many companies and parties that are not part of this matter. The writer seems questionable, at best, about what he is stating. *See* Answer to Motion for Reconsideration, 8/15/23, at Exhibit A, Correspondence from Carl Ifert to Alan Dubroff, November 25, 2008.

[5] Appellant relies heavily on *Provident* in support of her position. However, not only is *Provident* not binding on this Court, as a Court of Common Pleas case, *see Sears, Roebuck & Co. v. 69th St. Retail Mall, L.P.*, 126 A.3d 959, 972 (Pa. Super. 2015) (holding "court of common pleas decisions provide, at most, persuasive but not binding authority"); but it also is fully distinguishable for the reasons given above.

is apparent from the record that the trial court found Appellant's affirmative defenses to be nothing more than restatements or continuations of the counterclaim. **Chrysler**, 601 A.2d at 342. We agree. A careful review of the pleadings here shows that Appellant's affirmative defenses pled as new matter were clearly based entirely on the same, unrelated, transaction.

Given our statutory law regarding the claims that can be brought as counterclaims and affirmative defenses in mortgage foreclosure proceedings, Appellant's counterclaim and affirmative defenses raised in this foreclosure action were clearly improper because the claims did not arise from the "same transaction or occurrence" as the foreclosure action on the property. Pa.R.C.P. 1148. Accordingly, we find the trial court did not err in granting the motion in limine to preclude this evidence, and striking Appellant's counterclaim and affirmative defenses.

As it is undisputed that Appellant had no other evidence to enter at trial, we discern no error in the trial court's entry of judgment in Appellee's favor. Accordingly, Appellant's issues merit no relief.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler

Benjamin D. Kohler, Esq.
Prothonotary

Date: 2/12/2026